# Holt *versus* Green.

1. A commercial broker cannot recover commissions unless he has taken out a license under the 71st sect. of the Act of Congress of June 30th 1864.

2. An action cannot be maintained in Pennsylvania founded on a violation of an United States law.

3. Although a contract may not be declared by the statute void; and a penalty may be imposed for its violation; an action cannot be maintained on a contract in violation of a statute.

4. There is no difference whether the contract is *malum prohibitum* or *malum in se.*

5. The test is whether the plaintiff requires the illegal transaction to establish his case.

6. Public policy will not allow courts to aid one grounding his action on an illegal or criminal act.

7. Maybin *v.* Coulon, 4 Dall. 298, followed.

February 24th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the District Court of *Philadelphia:* No. 73, to January Term 1871.

This was an action of assumpsit, brought January 18th 1869, by Frederick F. Holt, against Joseph Green.

The plaintiff's bill of particulars was as follows:—

"The plaintiff's demand is founded on his claim to commissions as a broker or salesman on commission for the sale of certain cards, and spinning and other machinery of a cotton or woollen mill put in his hands for sale by the defendant above named, on or about May 1866."

The case was tried May 5th 1869, before Stroud, J.

The plaintiff testified that he was employed by the defendant Joseph Green, to sell for him certain machinery, and that he advertised the same for sale; upon cross-examination he testified that his business was buying and selling machinery for other parties, and being asked whether he had ever obtained a United States

[Holt v. Green.]

license, or paid a United States license tax, answered that he had not done so, never having been asked to do so.

The defendant then moved the court to enter a *nonsuit* against the plaintiff, on the ground that he could not maintain his action for commissions for the sale of machinery, without having paid the United States license tax as a commercial broker or commission merchant; the court entered the nonsuit, which the court in banc refused to take off.

This was assigned for error by the plaintiff on the removal of the record to the Supreme court.

The Act of Congress of June 30th 1864, 2 Brightly's U. S. Dig. 227, 230, pl. 77, 79, 99, which was the ground of the nonsuit, provides as follows:—

"Sect. 71. That no person, firm, company or corporation shall be engaged in, prosecute or carry on any trade, business or profession hereinafter mentioned and described, until he or they shall have obtained a license therefor in the manner hereinafter provided.

"Sect. 73. That any person carrying on business, &c., without a license, shall be liable for each offence to certain fine and imprisonment as therein set out.

"Sect. 79. That commercial brokers shall pay twenty dollars for each license. Any person or firm whose business it is, as a broker, to negotiate sales or purchases of goods, wares, products or merchandise * * * shall be regarded a commercial broker under this act."

*W. W. Montgomery* and *R. L. Ashhurst*, for plaintiff in error.— The Act of Congress must be construed as affecting only the right to sue in the United States courts, since it would be unconstitutional if considered as affecting the right of action of a citizen of a state in the state courts. The Congress of the United States cannot prescribe rules of evidence in state courts, nor can it make the courts of a state the machinery for enforcing national laws: Prigg v. The Commonwealth of Pennsylvania, 16 Peters 539; Latham v. Scott, 45 Ill. 27; Heister v. Cobb, 1 Bush 239; Carpenter v. Snelling, 97 Mass. 452; Lynch v. Moore, Id. 458; People v. Gates, 43 N. Y. 40; Clemens v. Conrad, 19 Mich. 190; Griffin v. Ramsey, 35 Conn. 239.

*L. C. Cleemann* and *G. Sergeant*, for defendant in error.—Courts of justice will not assist a plaintiff in recovering under a contract made in violation of the law: Maybin v. Coulon, 4 Yeates 34; Mitchell v. Smith, 1 Binney 118; Seidenbender v. Charles, 4 S. & R. 159; Columbia Bank v. Haldeman, 7 W. & S. 235; Biddis v. James, 6 Binney 329; Evans v. Hall, 9 Wright 236; Bowman v. Coffroth, 9 P. F. Smith 19; Smith v. Mahood, 14

[Holt *v.* Green.]

M. & W. 452; Marshall *v.* Railroad Co., 16 Howard 334; Tripp *v.* Bishop, 6 P. F. Smith 430.

The opinion of the court was delivered, March 17th 1873, by
MERCUR, J.—The plaintiff brought this suit to recover commissions for the sale of certain machinery sold by him for defendant. It appeared upon the trial of the cause, that the plaintiff was carrying on the business of a commercial broker, and as such broker rendered the services for which the commissions were claimed. He also testified that he had not taken out a license nor paid a special tax, under the Act of Congress. Upon this the learned judge nonsuited the plaintiff and judgment was entered thereon. This is assigned for error.

The question thus presented is, did the plaintiff's omission to pay the tax and obtain the license as a commercial broker, bar his recovery of commissions for services rendered as such broker.

The Act of Congress of June 30th 1864, sect. 71, provides, that no person * * * shall be engaged in prosecuting or carrying on any trade, business or profession hereafter mentioned and described until he * * shall have obtained a license therefor, in the manner, hereinafter provided. Section 73 provides, that any person carrying on the business without a license, shall be liable for each offence to a certain fine and imprisonment therein specified.

Sect. 79 provides that commercial brokers shall pay twenty dollars for each license. Any person whose business it is as a broker to negotiate sales or purchases of goods, wares, products or merchandise shall be regarded a commercial broker under this act.

An action founded upon a violation of the laws of the United States or of this state, cannot be maintained in the courts of this state: Maybin *v.* Coulon, 4 Dall. 298; s. c. 4 Yeates 24.

It is not necessary that the statute should expressly declare the contract to be void. An action founded upon a transaction prohibited by a statute, cannot be maintained, although a penalty be imposed for violating the law: Seidenbender *et al. v.* Charles's Admrs., 4 S. & R. 159. Hence where a contract is made about a contract or thing which is prohibited and made unlawful by statute, it is void, though the statute itself does not declare it shall be so, but only inflicts a penalty on the offender: Columbia Bridge Co. *v.* Halderman, 7 W. & S. 233. Nor is there any distinction in this state, whether the contract is *malum prohibitum* or *malum in se:* Id. 235.

The test whether a demand connected with an illegal transaction is capable of being enforced by law, is whether the plaintiff requires the aid of the illegal transaction to establish his case: Swan *v.* Scot, 11 S. & R. 164; Thomas *v.* Brady, 10 Barr 170; Scott *v.* Duffy, 2 Harris 20. If a plaintiff cannot open his case without

[Holt *v.* Green.]

showing that he has broken the law, a court will not assist him: Thomas *v.* Brady, *supra.* It has been well said that the objection may often sound very ill in the mouth of a defendant, but it is not for his sake the objection is allowed, it is founded on general principles of policy which he shall have the advantage of, contrary to the real justice between the parties. That principle of public policy is that no court will lend its aid to a party who grounds his action upon an immoral or upon an illegal act : Mitchell *v.* Smith, 1 Binn. 118 ; Seidenbender *v.* Charles's Admrs., *supra.* The principle to be extracted from all the cases is, that the law will not lend its support to a claim founded on its own violation : Coppell *v.* Hall, 7 Wallace 558.

Apply these principles to this case. The bill of particulars served on the defendant avers, " the plaintiff's demand is founded on his claim to commissions as a broker or salesman on commission, for the sale of certain cards and other spinning and their machinery of a cotton or woollen mill, put in his hands for sale by the defendant, on or about May 1866." Upon the trial he testified that his business was buying and selling machinery for other parties. The moment he opened his case, he showed that he was engaged in a business directly contrary to a clear and express Act of Congress. That for so doing, he was liable to a fine and imprisonment. The intent with which he did it, cannot be inquired into in this action. His right to commissions as shown rested upon his illegal acts. His right to recover in law, must depend upon his legal right to perform the services. The facts to which he testified, showed he had no such right.

Without the aid of his illegal transactions, he could not, and did not, show any services performed. His case as he exhibits it is based upon a clear violation of the statute. He grounds his action upon that violation. Thus resting his case, he cannot successfully invoke the aid of a court.

We are aware there are some English authorities, as well as decisions in some of our sister states, that make a distinction in cases of contracts predicated of a violation of the revenue laws, and especially that class of them which does not expressly declare the contract to be void. The case of Aiken *v.* Blaisdell, 41 Vermont 655, is a strong case, going to sustain a contract of sale contrary to law. We prefer, however, to stand by our own decisions. The case of Maybin *v.* Coulon, *supra*, was based upon a violation of the revenue laws of the United States, and the unbroken current of authorities in this state, is to hold a contract void which is grounded upon a clear violation of a statute, although it may not be expressly so declared by its terms.

Judgment affirmed.

Sharswood and Williams, JJ., dissented.