## COMMONWEALTH v. S. P. SWEITZER.
## COMMONWEALTH v. JESSE BAUGHMAN.
## COMMONWEALTH v. ABRAHAM SHULTZ.

APPEALS BY DEFENDANTS FROM THE COURT OF QUARTER SESSIONS OF SOMERSET COUNTY.

Argued October 17, 1889—Decided October 28, 1889.

1. Since the act of May 24, 1887, P. L. 194, the Court of Quarter Sessions alone* has power to grant a distiller's license, and a license issued by the county treasurer will not protect a distiller from indictment under the act of May 13, 1887, P. L. 108.
2. The title, and the first sentence of § 15, act of May 13, 1887, P. L. 113, are general and embrace all sales of vinous, spirituous, malt or brewed liquors, or any admixture thereof, without license, whether such sales be by the drink, quart, or gallon: Zinner v. Commonwealth, 22 W. N. 97.

---

*For the effect of the words, "existing laws," in § 2, act of May 24, 1887, P. L. 194, see Nordstrom's Petition, 127 Pa. 542, and Knarr's Petition, 127 Pa. 554.

Charge of Court below.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

Nos. 136, 137, 138 October Term 1889, Sup. Ct.; court be-
low, Nos. 9, 10, 11 December Term 1888, Q. S.

At September Term 1888, of the court below, the constable
of Larimer township made return: "There are two places in
my district where intoxicating liquors are sold, to wit: distil-
leries of S. P. Sweitzer and Jesse Baughman, who sell by virtue
of a license from the county treasurer, as I am informed. If
this license is lawful, they sell by authority of law; if not, they
violate the law." A like return was made by a constable as to
Abraham Shultz.

Upon these returns the defendants were brought into court
upon process, and indictments were ordered to be preferred
against them for selling liquors without license. The indict-
ments having been returned true bills, the three cases were
tried together on February 27, 1889, upon pleas of not guilty.

Witnesses called for the commonwealth testified to purchases
of whiskey by the gallon from defendants, at their distilleries
and at other places away from them, and others that they had
ordered and received liquors by the gallon sent by express
C. O. D.

The defendants showed that they had been rated and re-
turned by the mercantile appraiser for licenses as distillers, for
the year beginning May 1, 1888, and that they had paid for and
obtained their licenses from the county treasurer. Members
of the bar were called, and testified that they were of counsel
for the distillers at the preceding May term of court, and that,
relying upon the ruling of McILVAINE, P. J., in Brewers and
Distillers License, 5 Pa. C. C. R. 136, and of other judges, they
had advised the defendants that a distiller had the right to
take out a treasurer's license and sell by the gallon thereunder
at the place of manufacture.

At the close of the testimony, the court, BAER, P. J., charged
the jury:

[Each of these defendants had a license from the treasurer,
but not from the Court of Quarter Sessions, which authorized
them to manufacture and to sell whiskey in original packages;

but it did not authorize them to sell by the gallon, either at the place of manufacture, or at any other place. The question which you are to consider and determine is that of selling without a license by the gallon. Selling by the gallon is the question. If you, on the evidence, find that the defendants, or either of them, sold in quantities of a gallon, this would be a selling without license, and would be a violation of the act; and if you are satisfied of such selling, beyond a reasonable doubt, it would be your duty, as to such of them as have sold in quantities of a gallon, to return a verdict of guilty. So far as you are concerned in this case, the statute under which these defendants are prosecuted is as much violated by selling by the gallon at the distillery, as by selling in Somerset, Rockwood, Garrett, Meyersdale, or any other place. A sale made by either of the defendants, and a delivery of the whiskey at Meyersdale, and receiving the money for it there, is selling at Meyersdale. A sale and delivery C. O. D. at Somerset or Rockwood, or Meyersdale, would be a sale at each of these places. Under the law, even if the defendants had been licensed by this court, they could not have sold both at the distillery and at some other place also, without violating the law.] [8]

\*     \*     \*     \*     \*     \*     \*     \*

We are asked by both sides to charge you on certain points. We take first the commonwealth's points.

1. That since the act of May 24, 1887, the Court of Quarter Sessions alone has power to grant license to a distiller to sell his products, whiskey, by the gallon; and the fact that the defendant was returned by the mercantile appraiser, and paid a tax of $15 to the county treasurer, and took out a license from said county treasurer as a distiller, will not protect defendant from the consequences of sales made since the act of May 24, 1887.

Answer: This is affirmed as the law.[1]

2. That even a proper license to a distiller would not authorize him to sell at more than one point in the county.

Answer: That is affirmed.

3. That when a person residing in one place, receives an order for goods from a person in another place, and sends or in person delivers the goods to the purchaser, and collects the

price thereof at the time of delivery at the residence of the purchaser, the sale is made at the place of the residence of the purchaser.

Answer: That is affirmed.[2]

4. A delivery of goods to a carrier, with directions to collect on delivery, or in the usual phrase, marked C. O. D., is a reservation of the title to secure payment of the price, and the title does not pass until the goods are actually accepted and paid for, and under such circumstances the place of the sale is where delivery is made by the carrier to the purchaser.*

Answer: This is affirmed.[3]

5. That ignorance of the law excuses no man; every man is presumed to know the statute law of the commonwealth and to construe it aright; and if any individual should violate the law through ignorance, he must, nevertheless, abide by the consequences of his error; and it is not competent for him to aver in a court of justice that his infringement of the law was caused by his own mistake, or the mistake of his counsel.

Answer: That is affirmed.

Now, we are asked to charge you on the following points submitted by the defence:

1. That it having been shown by the testimony in this case, that the defendant has been for several years a distiller; that he was appraised and returned as such by the mercantile appraiser of the county, for the year commencing May 1, 1888, and ending May 1, 1889; that he paid the county treasurer $15 and lifted a license as a distiller for said year; then he was protected by said license for all sales made at his distillery.

Answer. That is refused.[4]

2. That actual delivery and payment of the price of the article sold are not essential to a sale of chattels, and that if the jury believe that the parties to whom sales were made ordered the goods, and that they were separated from the mass by the defendant and placed in vessels at the distillery which were directed to the parties who had ordered the same, and were then delivered to a common carrier, then such sales were completed at the place of manufacture, and it can make no difference in the case that the packages were sent C. O. D.

---

* See Commonwealth v. Fleming, 130 Pa. 138.

Answer: Because of the last clause in this point we have to refuse it; the first part of this point would be the law.[5]

3. That in all criminal cases the intent with which the defendant acted is an essential ingredient in the offence; and if the jury believe that there was uncertainty among lawyers, as well as judges, as to the true interpretation of the act of May 24, 1887; and if the jury further believe that the defendant did not intentionally violate the law, but acted in good faith, believing he was protected by the license issued by the county treasurer, then there can be no conviction and the verdict must be, not guilty.

Answer: That is refused.[6]

Another point, which may apply to some of the defendants, is:

4. That if the jury believe that the parties at Meyersdale requested the defendant to send them whiskey, and in pursuance of said order, he separated the quantity ordered from the mass at the distillery, and placed it in vessels for them at that place, then that constituted a sale at the distillery, and the subsequent delivery by himself or any one else cannot affect the case, and the defendant must be acquitted.

Answer: We say that if the jury believe that any defendant separated at the distillery, from the mass, the quantity ordered, and placed it in vessels for the one ordering it, that would constitute a sale at the distillery; and that much we affirm, but the rest we refuse.

5. That, under all the evidence in this case the verdict must be, not guilty.

Answer: That we refuse.[7]

The jury returned a verdict of guilty on each indictment. Rules for new trials having been discharged, judgment was passed that the defendants each pay a fine of $500 to the commonwealth, and undergo an imprisonment in the county jail for the period of three months.[9] Thereupon the defendants, severally, upon an allowance thereof, took these appeals, assigning for error:

1–3. The answers to plaintiff's points.[1 to 3]

4–7. The answers to defendant's points.[4 to 7]

8, 9. The charge to the jury and judgment.[8 9]

*Mr. H. L. Baer* and *Mr. W. H. Koontz* (with them *Mr. J. H. Uhl* and *Mr. D. Myers*), for the appellants.

Counsel cited: Acts of April 10, 1849, P. L. 576; March 31, 1856, P. L. 200; April 20, 1858, P. L. 365; May 13, 1887, P. L. 108; May 24, 1887, P. L. 194; Britton v. Commonwealth, 105 Pa. 312; 1 Benj. on Sales, § 181; Garbracht v. Commonwealth, 96 Pa. 449.

*Mr. Valentine Hay* (with him *Mr. F. W. Biesecker*, District Attorney), for the appellee.

Counsel cited: Zinner v. Commonwealth, 22 W. N. 97; Benj. on Sales, ed. 1875, §§ 592, 693; Garbracht v. Commonwealth, 96 Pa. 449; Penna. R. Co. v. Stern, 119 Pa. 24.

## COMMONWEALTH v. SWEITZER.

OPINION, MR. JUSTICE STERRETT:

For several years prior to 1888, appellant was engaged in the business of distilling whiskey in Larimer township, Somerset county. He was duly appraised and returned as a distiller by the appraiser of mercantile taxes for that year, and on May 1, 1888, he paid for and received from the county treasurer a distiller's license, which he claims authorized him to distil whiskey, and sell the same in quantities not less than a gallon, for one year from that date. At September sessions of same year, the constable of Larimer township made return to the proper court that appellant was selling intoxicating liquors, and claimed the right to do so by virtue of a license from the county treasurer; that "if said license was lawful he was selling by authority of law; but if not, he was selling in violation of law." On that return he was indicted, convicted, and sentenced under the first clause of § 15 of the act of May 13, 1887. From that sentence he has appealed to this court, and contends that the learned judge of the Quarter Sessions erred in holding that the treasurer's license did not authorize him to sell by the gallon, either at his distillery or elsewhere, and, if he did so, he was guilty of selling without license in violation of the act above mentioned, etc.

The first specification of error, complaining of the affirmance of the commonwealth's first point for charge, presents the controlling question in this case. By his unqualified affirmance of

that point, the learned judge instructed the jury that " since the act of May 24, 1887, the Court of Quarter Sessions alone has power to grant license to a distiller to sell his products, whiskey, by the gallon; and the fact that the defendant was returned by the mercantile appraiser and paid a tax of $15 to the county treasurer, and took out a license from said county treasurer, as a distiller, will not protect defendant from the consequences of sales made since the act of May 24, 1887." By refusing to affirm defendant's first point, he substantially reiterated the instruction that defendant was not protected by his license from the county treasurer for any sale by the gallon made at his distillery.

While it is to be regretted that much of our modern legislation is couched in language that is far from being clear and readily understood by those on whom it is intended chiefly to operate, we are of opinion that the learned judge rightly construed the acts of May 13 and 24, 1887, involved in this case. The second section of the latter act declared in express terms that licenses shall thereafter be granted only by the Court of Quarter Sessions of the proper county, etc. Appellant had no license thus granted, and hence the sales made by him were unauthorized and contrary to law.

In principle, this case is the same as Zinner v. Commonwealth, 22 W. N. 97. In that case the plaintiff in error as agent for Mr. Schott, a brewer in McKean county, bottled and sold beer in that county. He was indicted for selling without license, under the fifteenth section of the act of May 13, 1887, and defended under a brewer's license issued to his employer by the county treasurer after the passage of the act of May 24, 1887. The court held that the treasurer's license did not authorize such sales of the product of the brewery, and Zinner was convicted and sentenced. In affirming the sentence, this court said that at the time the treasurer's license was obtained, May 25, 1887, the act of May 24, 1887, was in force, and consequently the Court of Quarter Sessions alone had power to license his employer to sell the product of his brewery.

While, in the main, the provisions of the act of May 13, 1887, relate to retailers of liquor, etc., the clause under which appellant was convicted and sentenced, is general and embraces all sales without license, whether they be by the drink, quart,

or gallon. The act is entitled, " An act to restrain and regulate the sale of vinous and spirituous, malt, or brewed liquors." The title is sufficiently comprehensive to include a general prohibition of all sales without a license. The language of the first clause of the fifteenth section is: " Any person who shall hereafter be convicted of selling or offering for sale any vinous, spirituous, malt, or brewed liquors, or any admixture thereof, without a license, shall be sentenced," etc.

Other questions are presented by the record, among which is, whether, as matter of law under the undisputed facts, some of the sales were consummated at appellant's brewery or elsewhere. The view we have taken of the main question renders it unnecessary to consider that or any of the questions arising under the remaining specifications of error. There appears to be nothing in the record that would justify us in reversing the judgment of the court below.

Judgment affirmed.

## COMMONWEALTH v. BAUGHMAN.

OPINION, MR. JUSTICE STERRETT:

The facts of this case are similar to those in Commonwealth v. Sweitzer, appellant, No. 136 of this term, in which an opinion has just been filed, except that, in a few instances, packages of whiskey, which had been previously ordered and separated from the mass at the distillery, were delivered by the defendant elsewhere than at the distillery. In the view we have taken of the case, that distinguishing feature is immaterial, and cannot change the result.

For reasons suggested in the opinion referred to, the judgment of the Quarter Sessions must be affirmed.

Judgment affirmed.

## COMMONWEALTH v. SHULTZ.

OPINION, MR. JUSTICE STERRETT:

In its essential features, this case is the same as Commonwealth v. Sweitzer, appellant, No. 136 of this term, in which an opinion has just been filed, except that there were no sales C. O. D. by the appellant in this case. That fact is immaterial and cannot affect the result. For reasons given in the case above referred to, the judgment should not be disturbed.

Judgment affirmed.