## W. S. Weed & Co. v. J. K. Cuming, Appellant.

*Insurance—Void contract by individual insurer—Cause of action.*

No action will lie on a contract which the legislature has declared shall be void if made.

A contract by an individual to pay an insurance loss is a void contract under the Act of February 4, 1870, P. L. 14.

*Void contract for insurance—Proof—Failure of cause of action.*

Whenever the evidence in a given case shows that the contract sued upon has been declared void by statute, the court will of its own motion and without request from the party interested and even against his wishes, refuse to allow a recovery.

When a plaintiff, as in the case at bar, must prove that a promise to pay an insurance loss, found nowhere except in a policy which the law declares to be void, has been made and broken, he can only prove that it was made by putting in evidence the policy, but when he shows its existence he must show that it is void, and as he may not recover on a void contract his action must fail.

*Illegal contracts—Equitable estoppel inapplicable.*

The cases where the law of ultra vires must give way to the law of estoppel have no application to a void contract of insurance entered into by an individual insurer. There is no room for equitable presumptions or estoppels, in cases of illegal contracts.

Argued Oct. 13, 1899. Appeal, No. 131, Oct. T., 1899, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1897, No. 564, on case stated in favor of plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by BEEBER, J.

Case stated. Before ARNOLD, P. J.

It appears from the case stated that the action was assumpsit against J. K. Cuming upon a policy of insurance of the Philadelphia Fire Lloyds, the defendant being one of the individual signers. Part of the property covered by the policy was destroyed. Defendant denies liability under the policy by reason of the Act of February 4, 1870, P. L. 14, which prohibits the issue of policies without incorporation and declares such policies void.

The court below entered judgment in favor of plaintiff for $139.27 on case stated, ARNOLD, P. J., filing an opinion which is reported in 8 Pa. Dist. Rep. 320. Defendant appealed.

*Error assigned* was entry of judgment for plaintiff on case stated.

*Geo. S. Graham*, with him *Joseph Gilfillan*, for appellant.— A statute may make a contract illegal and void, although it does not expressly state that it shall be void, as where the statute merely prohibits the doing of the act, or declares that the commission of it shall make the person guilty of a misdemeanor, and there can be no question when the statute expressly says that the act is void: Mitchell v. Smith, 1 Binney, 110; s. c. 4 Dall. 269.

Where, however, the statute which makes the contract illegal, or some other statute expressly provides that it shall be enforceable against the obligor, the illegality of the contract does not, of course, affect its validity. This is the doctrine of York County v. Small, 1 W. & S. 315, and Fowler v. Scully, 72 Pa. 456.

The law on this subject is well stated in Whitmire v. Montgomery, 165 Pa. 253. In the opinion of FELL, J., it is said: "The law will not lend its aid to enforce a contract made in violation of a statute, nor set aside such a contract when it has been fully executed by the parties. It refuses to aid either, and leaves them where they placed themselves." And to this may be added, except that where the parties are not in pari delicto, the person injured may recover back in disaffirmance of the contract what he has paid.

In Taylor v. Bowers, 1 Q. B. D. 291, MELLISH, L. J., said: "If money is paid or goods delivered for an illegal purpose, the person who had so paid the money or delivered the goods may recover them back before the illegal purpose is carried out; but if he waits till the illegal purpose is carried out, or if he seeks to enforce the illegal transaction, in neither case can he maintain an action; the law will not allow that to be done:" Hollingsworth on Contracts, 268.

It is not for the defendant's benefit that the court will not lend its aid to enforce or unravel illegal contracts, but for the sake of public policy: Holman v. Johnson, 1 Cowper, 341.

Judge HARE, in a note to Collins v. Blantern, 1 Sm. Lead. Cas. (8th ed.) pp. 716, 753, says: "The question is not in which case the fault appears, but whether entering judgment on the

contract will tend to aid or frustrate the accomplishment of the illegal design."

Courts even with the consent of the defendant, will not enforce a contract in violation of a statute, although not expressly void: Fowler v. Scully, 72 Pa. 456.

In the case at bar the illegal design is the effort to enforce a contract of indemnity against fire, between two individuals.

The Act of February 4, 1870, P. L. 14, is constitutional: Com. v. Vrooman, 164 Pa. 306.

*Rufus B. Stone*, with him *Theodore A. Tack*, for appellee.— A contract expressly prohibited by statute cannot, as a rule, be enforced. However, the intention of the legislature is controlling, and a contract will not be treated as void on account of a provision in a statute, unless this is necessary in order to give effect to the law according to its meaning: 2 Morawetz on Corporations, p. 625, sec. 657.

The rule is currently stated by the text writers accompanied by such modification: 27 Am. & Eng. Ency. of Law, 378.

Under this power and duty of interpretation, exceptions to the rule have been judicially determined in many pertinent cases.

Where the contract has been fully executed by the plaintiff, see Oil Creek R. R. v. Transportation Co., 83 Pa. 160, and Wright v. Pipe Line Co., 101 Pa. 204.

The bearing of these cases, and others cited in the opinion of the court below is apparent when it is observed that the premiums had all been paid, and full performance rendered on the part of the appellee.

Where the parties are not in pari delicto, see Hollingsworth on Contracts, 268, Com. v. Kendig, 2 Pa. 448, and 2 Parsons on Contracts, p. 230, sec. 764.

A common carrier who has received goods into his possession on Sunday for transportation cannot avail himself of the plea of the illegality of the transaction in a suit against him for the value of the goods, if destroyed by fire: Powhattan S. B. Co. v. Appomatox R. R. Co., 24 How. 247, citing Mohney v. Cook, 26 Pa. 347.

Where entering judgment will in no manner tend to aid the illegal design. This is a test question, whether entering judg-

ment will tend to aid the illegal design: Hollingsworth on Contracts, 226; Collins v. Blantern, 1 Sm. L. C. (8th ed.) 753.

Indeed, "it is only when an illegal contract or transaction cannot be enforced or allowed to stand without producing the evil which the law designs to prevent, that the illegality may be pleaded or given in evidence as a bar to a suit to enforce the contract": 1 Sm. L. C. (ed. of 1872) pt. 1, 700.

In the present case the evil which the law is designed to prevent having been already accomplished, the right of the appellant to his plea against the enforcement of the contract does not exist.

Where the plaintiff can establish his case without showing that he has broken the law, if he can do so, then the defendant cannot set up his own iniquity as a defense: Evans v. Dravo, 24 Pa. 62; Montefiori v. Montefiori, Wm. Blackstone, 363; Stewart v. Kramer, 6 W. 453.

In the present instance the case stated admits the policy and presents no question as to the right of the plaintiff (appellee) to introduce it.

Collating the authorities cited by counsel for appellant, it will be observed that they are not in discord with the maintenance of the general rule subject to judicial construction with reference to the exceptions and qualifications above noted. For instance, Mitchell v. Smith, 1 Binn. 110, Thorne v. Ins. Co., 80 Pa. 15, and Johnson v. Hulings, 103 Pa. 498, were all cases where recovery was sought by the guilty party.

So also Holt v. Green, 73 Pa. 198, wherein a broker sought to recover in disregard of the statute requiring him to obtain license before doing business: Seidenbender v. Charles, 4 S. & R. 151; United States v. Owens, 2 Peters, 527, 538; Coppell v. Hall, 7 Wall. 542, 558, and many others to the effect that contracts may be void though not declared so if arising from prohibited transactions. Swan v. Scott, 11 S. & R. 155, 164, Evans v. Dravo, 24 Pa. 62, Thompson v. Brady, 10 Pa. 170, and Scott v. Duffy, 14 Pa. 18, recognizing the test whether the plaintiff can establish his case without showing that he has broken the law. Morawetz on Corporations and Hollingsworth on Contracts, to the general rule holding prohibited contracts invalid.

The conclusion being thus reached that a prohibitive statute, with or without a declaratory clause, is to be judicially construed

so as to determine and effectuate the legislative purpose, the question remains, What was the intent of the statute?

The Supreme Court has already answered this question in the case of Commonwealth v. Vrooman, 164 Pa. 306, wherein the intent and purview of the act was fully considered. Its purpose was to compel the incorporation of insurers for the better protection of the insured.

Thus the whole act, including this declaration, was designed, as the Supreme Court has declared, for the benefit of the insured. The proposition on the part of the appellant is to turn it against them. The act was designed to give them greater security. It is proposed to take away that which they have. The evident purpose of the statute was to operate upon the insurer, not the insured; to compel incorporation, not to promote dishonesty; to prohibit the issue of such policies, not to prevent recovery upon them. It would be a complete perversion of the law to so interpret it as to protect the confessed violator.

OPINION BY BEEBER, J., January 17, 1900:

This is a suit between private individuals. It is upon a contract of insurance, made by the defendant and several other individuals and firms, in which the defendant agrees to pay plaintiff a certain sum in case of his loss by fire. It is agreed that a loss has occurred, and that plaintiff has performed all the conditions required by the policy to entitle him to payment. The plaintiff's right to recover arises because the defendant has promised, in the contract of insurance, to pay him. The breach of this promise to pay is, therefore, the cause of action. The defense is based upon the Act of February 4, 1870, P. L. 14, the first section of which provides that such contracts as the one sued upon "shall be void," and the second section of which provides that the person issuing such a contract shall be deemed guilty of a misdemeanor and upon conviction shall pay a fine not exceeding a certain sum.

These facts raise the question whether an action will lie upon a contract which the legislature has declared shall be void if made. This question has been determined in the negative by our Supreme Court nearly one hundred years since, in the case of Mitchell v. Smith, 1 Binn. 110, s. c. 4 Dall. 269. In fact that case went further, for it decided that a contract for

the sale of lands in Pennsylvania under the Connecticut title was void, even though the Act of April 11, 1795, 3 Sm. L. 209, neither expressly says so nor contains a clause prohibiting it, but simply because said act imposed a penalty upon parties entering into such a contract. In our present case the plaintiff is much worse off, in that his contract has been declared void in terms. That case simply established the rule that had been long maintained in England. The general rule may be said to be that whenever the evidence in a given case shows that the contract sued upon has been declared void by statute, the court will, of its own motion and without request from the party interested and even against his wishes, refuse to allow a recovery. The reasons for this rule are set forth at large in that case and need not be repeated here. The rule has been consistently followed by our later cases, and a lucid discussion of them will be found in Fowler v. Scully, 72 Pa. 456. We are not unmindful of the fact that Fowler v. Scully has been in effect overruled by the Supreme Court of the United States in Union National Bank v. Matthews, 98 U. S. 621. It was not, however, overruled upon any grounds that will benefit the plaintiff in this case. Both the opinion and the cases cited to sustain it show that all that the court meant to say was that the act of congress forbidding national banks to take mortgages as security for future indebtedness did not clearly show an intent to declare all such mortgages void. It was held that where the authority to contract depended upon the question of regularity of organization or of power conferred by the charter, a party who has had the benefit of the contract cannot be permitted, in an action founded upon it, to question its validity. That the result was determined largely by the terms of the act of congress is evident from the decisions cited to sustain it, to the effect that the statute must be examined as a whole to see whether the makers intended that a contract made in violation of it should be void. In our present statute there is no room for interpretation. The language is as plain as it is possible to make it, and its strength is increased by its brevity. It says such contract shall be void. This is the legislative intent and it is our duty to so declare.

We cannot agree with the learned court below in holding that this case is to be determined by those cases which hold that the doctrine of ultra vires shall not be allowed to prevent

a recovery on a contract where it appears that the party sought to be charged has received the fruits of that contract. Such cases are abundant and illustrate perhaps the triumph of the law of estoppel over that of ultra vires. The cases where the law of ultra vires must give way to the law of estoppel are easily distinguished from the present case. An act may be ultra vires because no authority is given in the charter to do it, or because the charter forbids it to be done, but an inhibition arising from a mere failure to authorize, or from a direction not to do a particular thing, is altogether different from the command of a penal statute forbidding a certain contract to be issued, providing that it shall be void if issued, and making one who issues it guilty of a misdemeanor or crime. Moreover the doctrine of ultra vires is inseparably connected with the idea of a corporation and its rights and liabilities and as this is a contest between private individuals we think it only confuses the case to attempt to apply the principles of that doctrine, or those that overthrow that doctrine, to a case of this kind, where the defense is, not that the contract was ultra vires, but that it was a misdemeanor to make it, that is to say, an offense against the criminal law of the state. We agree with Mr. Justice AGNEW, in Fowler v. Scully, supra, in discussing the reasons which induce courts to refuse to aid illegal transactions in any respect, where he says, " There is, therefore, no room for equitable presumptions, or estoppels, in cases of illegal contracts."

We do not think it necessary to discuss or attempt to point out the difference between the cases relied upon by the learned court below and the present case. We have already said that those illustrating how the doctrine of ultra vires must give way, under proper circumstances, to the doctrine of equitable estoppel cannot rule this case, where the defense is not that the contract is ultra vires. Those decided on other grounds are easily distinguished from the present case, for in none of them was it decided that a contract could be recovered on, which a statute flatly declared to be void and made the person who executed and issued it guilty of a misdemeanor. In fact it is clear from the opinion of the learned court below that it agreed that the law was as we have found it to be. Our difference is that we cannot agree that the fact that defendant received and retained the premium took this case out from under the opera-

tion of the rule, as the court below thought it did.  Our first case of Mitchell v. Smith, supra, shows that this fact makes no difference, for the defendant in that case was in possession of the land for which he gave the note on which suit was brought. He retained the land, refused to pay the note given for it, and was sustained by the Supreme Court in this refusal.

It only remains to consider whether the demand connected with this illegal transaction is capable of being enforced at law, the test of which is said to be whether or not the plaintiff requires the aid of the illegal transaction to establish his case. In our recent case of Allen v. Line, 11 Pa. Superior Ct. 517, we said : " In the cases cited on this subject it is frequently said that the plaintiff will fail if the evidence shows that he needs the aid of the illegal transaction to establish his case, but we cannot take this to mean that the mere introduction of evidence of the illegal transaction defeats the plaintiff.  The question still remains, does he need the evidence to prove his case ? " It is plain that the plaintiff in this present suit must prove that the defendant's promise to pay the loss, found nowhere but in the void policy, has been made and broken.  He can only prove that it was made by putting in evidence the policy, but when he shows its existence he also shows that it is void.  As he cannot recover on a void contract he must necessarily fail.

Judgment reversed.

PER CURIAM, January 17, 1900 :

The above opinion was written by Judge BEEBER during his term of office as a member of this court, the case having been duly assigned to him for that purpose.  It is now adopted and filed as the opinion of the court.