## Bier *v.* Myers, Appellant.

*Liquor laws—Improper sale of liquors—Death following purchase of liquor—Civil remedy for damages—Acts of May 8, 1854, P. L. 663, and May 13, 1887, P. L. 108.*

Where a man of known intemperate habits goes to a liquor saloon "staggering drunk" and is furnished there with a number of drinks and leaves the saloon at 10:30 p. m. in a practically helpless condition, and some hours later his mangled body is found with that of his horse on a railroad track eleven hundred feet from any crossing, and the disturbed condition of the roadbed at the point indicated that the deceased was riding his horse between the tracks when he was struck, the widow of the deceased is entitled under the Act of May 8, 1854, P. L. 663, to maintain an action against the saloon keeper, and a verdict and judgment in her favor, under the facts as stated, will be affirmed.

Argued April 14, 1915.  Appeal, No. 112, April T., 1915, by defendant, from judgment of C. P. of Allegheny County, at No. 838, 1914, on verdict for plaintiffs in case of Elizabeth Bier, et al., v. Florence W.

Myers. Before RICE, P. J., ORLADY, HEAD, HENDERSON and TREXLER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was refusal to grant judgment n. o. v.

*F. C. Link,* of *Robertson & Link,* for appellant.—The furnishing of intoxicating liquor by the defendant to the decedent was not the proximate cause of decedent's death: Roach v. Kelly, 194 Pa. 24; Morrison v. Davis, 20 Pa. 171; Bradford v. Boley, 167 Pa. 507; West Mahanoy Twp. v. Watson, 112 Pa. 574; S. S. Passenger Ry. Co. v. Trich, 117 Pa. 390.

*Frank I. Gosser,* for appellee.

OPINION BY ORLADY, J., October 11, 1915:

A verdict of one thousand dollars was recovered in the county court of Allegheny County in favor of the plaintiff, who brought suit in her own right, and as next friend for her six minor children, against the defendant, a licensed hotel keeper. A rule was granted at defendant's instance, by the Court of Common Pleas to show cause why an appeal should not be allowed, and after full hearing the rule was discharged. This appeal is from the order made by the Common Pleas. Peter Bier, the plaintiff's husband, was killed on a steam railroad track, the alleged proximate cause being, the unlawful sale by the defendant of intoxicating liquor to the decedent while he was visibly intoxicated, and being a man of known intemperate habits. Peter Bier's home was a few miles distant from where the defendant conducted a licensed

hotel, in Dravosburg, Allegheny County. On November 15, 1913, Peter Bier came to the borough to witness a rifle match, which was held on a vacant lot opposite to the defendant's hotel. He drank at different saloons, during the afternoon, and in the evening arrived at the defendant's barroom in a condition described by the defendant as "staggering drunk," and remained there for several hours, when he left the place "staggering and intoxicated." After some difficulty in being placed on his horse, he started to go to his home; some hours later his mangled body was found, with that of his horse on the railroad track, eleven hundred feet from any crossing. While no eye witness testified to being present at his death, the physically disturbed condition of the roadbed indicated that he was riding his horse between the tracks when he was struck.

The right of recovery is founded on the Act of May 8, 1854, P. L. 663, the third section of which provides, that any person furnishing intoxicating drinks to any other person, in violation of any existing law, shall be held civilly responsible for any injury to person or property in consequence of such furnishing, and any one aggrieved, may recover full damages against such person so furnishing. The responsibility of the defendant is measured by the Act of May 13, 1887, P. L. 108, the 17th section of which provides, that it shall not be lawful for any person, with or without license to furnish by sale, gift or otherwise, to any person any spirituous, vinous, malt or brewed liquors, to a minor, or to a person of known intemperate habits, or to a person visibly affected by intoxicating drinks, either for his or her use, or for the use of any other person.

The appellant's counsel very frankly states that, under the verdict, we must assume the defendant did furnish liquor to the decedent, but he contends that the testimony is not sufficiently clear to trace the cause of Peter Bier's death to the unlawful sale by the defendant.

It was said in Fink v. Garman, 40 Pa. 95: "The death

to be answered for in damages must be the direct, though it need not be the immediate result of the wrongful act of the party charged. His act must be what we call the proximate cause of the injury complained of." This case is paralleled to that one in many particulars, so that with a mere change of the names of parties, the language of Judge WOODWARD is pertinent here. "Garman (Bier) was already intoxicated. Then he was incapable of legal acts. He was like an idiot, or child of tender years, and to such cases the doctrine of concurring negligence is inapplicable. Not only was he incapable of exercising sound discretion, and therefore not held to its exercise, but his condition was notice to Fink (Myers),—was an appeal to his humanity—was such, as to make his violation of the statutes more palpably unlawful negligence. If therefore, Garman (Bier) was precipitated from his horse under the wheels of his wagon (on the railroad tracks) by reason of Fink's (Myer's) deliberate wrong-doing,—and of this the jury must have been satisfied before they could find for the plaintiff—the turpitude of Fink's (Myer's) act is not to be abated, but rather increased by such concurrence as he obtained from the inebriate."

The same question is considered in Bower v. Fredericks, 46 Pa. Superior Ct. 540, when we held, quoting from Davies v. McKnight, 146 Pa. 610, "It is not easy in a case of this kind to trace with absolute certainty the death to its proximate cause. We have no means of intelligently deciding this question, nor is it our province to do so. It was peculiarly for the jury; and their verdict ends the matter, unless the court below committed some error in submitting it. Temme v. Schmidt, 210 Pa. 507; Hoele v. Allegheny Heating Co., 5 Pa. Superior Ct. 21; Bistline v. Ney, 13 L. R. A. new series 1158, 1162, n., where like statutes of a number of our states are considered. In Taylor v. Wright, 126 Pa. 617, it is held in a per curiam opinion "If Pardon Wright, whose death gave rise to the present controversy, was a man of known in-

temperate habits, and the defendant below, with others, furnished him liquor while intoxicated, and with knowledge of his habits, I do not see why they are not all responsible for the accident which resulted therefrom.  In such a case, it would be impossible for a jury to say which particular glass of liquor was the proximate cause of his death.  Each glass did its share of the work."

In Davies v. McKnight, 146 Pa. 610, a verdict was sustained on appeal, where the deceased was unlawfully furnished liquor, and the testimony tended to show that in consequence of the resultant intoxication, he fell into a gutter of water, became chilled and after several days died of pneumonia.  The court saying, "the liquor was undoubtedly the proximate cause of his falling in the gutter and the consequent exposure, and it was for the jury to find whether the attack of pneumonia was the result of the exposure; in other words, a continuous causation from the furnishing of the liquor.  The jury may or may not have made a mistake.  We have no means of intelligently deciding this question, nor is it our province to do so.  It was peculiarly for the jury."

The controlling facts in Bradford v. Boley, 167 Pa. 506, make it authoritative only under the evidence therein set out; that is, that the Act of 1854 will not sustain an action by a wife against a saloonkeeper for loss occasioned by the imprisonment of her husband for voluntary manslaughter, committed while the husband was under the influence of liquor furnished by the saloonkeeper. Bradford was arrested, indicted and tried for murder, convicted of voluntary manslaughter, and sentenced to imprisonment for twelve years.  The Supreme Court saying: "It is a strained and unjustifiable construction of the act which allows a wife in the lifetime of her husband to maintain a suit for an injury to his person which diminishes his capacity for labor."

In Roach v. Kelly, 194 Pa. 24, the facts upon which that decision hinges are so clearly different from the ones in this case that it has no weight here,—the court

stating "but that he should quarrel with Pratt, proceed deliberately through a tunnel to a private lot on the opposite side of a railway, leisurely cast-off his clothing, fight with Pratt and beat him, then engage with Atkinson, then in terror of the law which he had violated, flee from the officers, slip down the steep bank he was striving to climb, fall into an open sewer negligently unguarded on a private lot, and thus break his neck, surely this was neither the natural nor probable consequence of giving him drink."

In Fink v. Garman, 40 Pa. 95, Judge WOODWARD said: "Not only public policy, but statute law forbids that intoxicating drinks be furnished to him who is visibly intoxicated, or who is of known intemperate habits. There is no excuse for ignorance or mistake when the law is so plainly written. If men disregard it they must accept the consequences. Judicial tribunals do not make the law, they have no power to lessen its exactions, and looking to the humane purposes of the legislation, they have no disposition to thwart it by glosses and refinements." After a half century of legislation and judicial decisions, the law on the subject has not been changed.

The facts presented by this record are easily within the act. Bier was a man of notorious intemperate habits, and well-known to be such by Myers, in whose hotel he had frequently been drunk and taken away in such condition by his wife and child. He arrived there in a staggering, drunk state, and the testimony would warrant the jury in finding that during his stay in the barroom he had a number of drinks before he left at 10:30 p. m. in a practically helpless condition, which was materially produced by the sales then and there made, so that under all the decisions it was for the jury to say whether his death, which occurred soon after, was or was not a result to be reasonably expected from such disregard of the law. What was the proximate cause of his death was for the jury, and it has been decided against the defendant by abundant evidence. Under

such facts it was surely not required of the plaintiff, that she should show that her husband would not have met his death as he did, had the defendant not sold him the liquor.

The appeal from the county court was rightly refused by the Court of Common Pleas, and its order is affirmed.