# Hazle Drug Co., Inc., Appellant, *v.* Wilner et al.

*Contract—Illegal contract—Sale of liquor—Druggists—License —Liquor law—Wholesale license—Acts of May 8, 1854, P. L. 663; March 31, 1856, P. L. 200; May 13, 1887, P. L. 108; May 24, 1887, P. L. 194; June 9, 1891, P. L. 257; July 30, 1897, P. L. 464.*

1. A federal permit to a druggist to sell alcoholic beverages for medicinal purposes, does not authorize the sale of alcoholic liquor in violation of the laws of a state.

2. As concurrent power is conferred on the several states to enforce the Eighteenth Amendment by appropriate legislation,

362 HAZLE DRUG CO., Inc., Aplnt., *v.* WILNER et al.

either the state or the federal government may enact laws for that purpose.

3. Under the Pennsylvania Acts of May 13, 1887, P. L. 108; May 24, 1887, P. L. 194; June 9, 1891, P. L. 257, and July 30, 1897, P. L. 464, a druggist who, in 1920, without a wholesale liquor license, entered into a contract to sell intoxicating liquors fit for a beverage, committed an illegal act, and could not recover the purchase price of the liquor sold thereunder.

4. The Acts of 1887, 1891 and 1897, superseded the Acts of March 31, 1856, P. L. 200, and May 8, 1854, P. L. 663, relating to wholesale and retail liquor licenses.

5. The law will not lend its aid to enforce an illegal contract, especially one made in violation of a penal statute.

6. The fact that the wholesale statutes did not impose a penalty for selling liquor without a license, does not render such sale valid, and permit the seller to recover the purchase price, as it is a penal offense under section 15 of the Act of May 13, 1887, P. L. 108, 113.

*Appeals—Affidavit of defense—Evidence—Assignment of error.*

7. The appellate court will not consider the action of the trial judge in admitting evidence under an affidavit of defense alleged to be defective, where no error is assigned thereto, and the only error assigned is the entry of judgment for defendant n. o. v.

*Practice, C. P.—Affidavit of defense—Sufficiency—Evidence.*

8. In an action by an unlicensed wholesaler to recover the price of intoxicating liquor sold by him, the invalidity of the transaction is sufficiently stated in the affidavit of defense, if it is averred that the sale of the liquor in question was illegal, and in violation of the federal and state laws, and that therefore collection could not be enforced.

9. Where no objection is made to the generality of the affidavit of defense, evidence in support of the alleged illegality of the contract, as set forth therein, is admissible.

Argued October 6, 1925. Appeal, No. 166, March T., 1925, by plaintiff, from order of C. P. Cambria Co., March T., 1921, No. 50, entering judgment n. o. v. for defendant, in case of Hazle Drug Co., Inc., v. Julius Wilner et al., trading as Wilner Produce Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for goods sold and delivered.   Before Ev-
ANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $11,829.53, on which judg-
ment was entered for defendant n. o. v.   Plaintiff ap-
pealed.

*Error assigned* was judgment, quoting record.

*John H. Bigelow,* with him *Frank P. Barnhart,* for
appellant.—Plaintiff, druggist, required no license:
Com. v. Sweitzer, 129 Pa. 644.

No penal statute declares this sale unlawful.

In no provision of the various acts is there any direct
or implied repeal of section 5 of the Act of 1856, P. L.
200, which exonerates druggists from the necessity of
securing a license for the sale of alcohol or admixtures
thereof for scientific or medicinal purposes.

*J. J. Kintner,* for appellee.—There was no legal con-
tract between plaintiff and defendant for the sale of
a carload lot of a compound containing from eighteen to
twenty per centum of alcohol by volume, and for which
plaintiff here seeks to recover: Com. v. Speck, 1 Pa. C.
C. R. 633; Com. v. Wenzel, 24 Pa. Superior Ct. 467;
Com. v. Sweitzer, 129 Pa. 644.

The sale being unlawful and contrary to public policy,
it was the duty of the court to set aside the contract and
enter judgment for defendant: Conemaugh Brewing Co.
v. Bennett, 60 Pa. Superior Ct. 543; Weed v. Cuming,
12 Pa. Superior Ct. 412; Vandegrift v. Vandegrift, 226
Pa. 254; Swing v. Munson, 191 Pa. 582.

OPINION BY MR. JUSTICE WALLING, November 23, 1925:

In September, 1920, the plaintiff corporation sold and
delivered to the defendants, in Pennsylvania, a thousand
cases (twelve thousand bottles), being a car lot of horke
vino, for $9,400, and this action of assumpsit is on a

trade acceptance given therefor. The defense interposed was that horke vino was an intoxicating liquor sold by plaintiff in violation of law. The jury, on an implied finding that it was not sold as a beverage, rendered a verdict for plaintiff; the trial court, however, entered judgment for the defendant non obstante veredicto; therefrom plaintiff brought this appeal.

In our opinion the judgment was rightly entered. Horke vino is a compound, composed largely of wine and, having an alcoholic content of from eighteen to twenty per cent by volume, is an intoxicating liquor, and is also fit for beverage purposes. Plaintiff had a United States government permit to manufacture and sell the same for medicinal purposes, but had no license granted under the laws of the State. The case depends on the law existing at the time of the sale in question (1920), unaffected by subsequent legislation. The Eighteenth Amendment to the federal constitution and the Volstead Act of Congress were then in force. Thereunder no state could authorize the sale for beverage purposes of liquor containing one-half of one per cent or more of alcohol; but for nonbeverage purposes such sale might be authorized. A United States government permit, however, does not authorize the sale of alcoholic liquor in violation of the laws of the State. Section 1 of the Eighteenth Amendment prohibits, inter alia, the sale of intoxicating liquors for beverage purposes and section 2 thereof provides: "The Congress and several states shall have concurrent power to enforce this article by appropriate legislation." Thus concurrent power is conferred upon the several states to enforce the Eighteenth Amendment by appropriate legislation, and either state or federal government may enact laws for that purpose: United States v. Lanza et al., 260 U. S. 377, s. c. 43 Supreme Court Reporter 141. While the amendment and act of congress, above cited, prevent a state from granting permission in contravention of their provisions, they do not abrogate existing state laws

deemed appropriate legislation within the terms of the Eighteenth Amendment. In that class is the Pennsylvania Act of May 13, 1887, P. L. 108, known as the Brooks Law, which survived both the amendment and the Volstead Act: Com. v. Vigliotti, 271 Pa. 10, affirmed in Vigliotti v. Com. of Pa., 258 U. S. 403, s. c. 42 Supreme Court Reporter 330. See also Com. v. Alderman, 275 Pa. 483. Section 15 of the Brooks Law (P. L. 113) provides, inter alia, that, "Any person who shall hereafter be convicted of selling or offering for sale any vinous, spirituous, malt or brewed liquors, or any admixture thereof, without a license, shall be sentenced," etc. Although the provisions of this act relative to granting licenses are confined to those at retail, the language above quoted is sufficiently comprehensive to include unlicensed wholesale traffic; that it does is expressly decided in Com. v. Sweitzer, 129 Pa. 644. There, Mr. Justice STERRETT, speaking for the court, says (p. 650): "While, in the main, the provisions of the Act of May 13, 1887, relate to retailers of liquor, etc., the clause, under which appellant was convicted and sentenced, is general and embraces all sales without license, whether they be by the drink, quart, or gallon. The act is entitled, 'An act to restrain and regulate the sale of vinous and spirituous, malt, or brewed liquors.' The title is sufficiently comprehensive to include a general prohibition of all sales without a license." The vendor at wholesale of alcoholic liquor even for nonbeverage purposes must still have a state license: Application of Pen-Mar Distilling Co., 80 Pa. Superior Ct. 221. The act of a druggist in selling intoxicating liquor without a state license is, therefore, unlawful, unless he is exempt from the operation of our liquor license statutes and, as to the wholesale dealer, we find no such exemption. Section 16, of the Brooks Law provides, inter alia, "That druggists and apothecaries shall not be required to obtain license under the provisions of this act, but they shall not sell intoxicating liquors, except upon

the written prescription of a regularly registered physician; alcohol, however, or any preparation containing the same, may be sold for scientific, mechanical or medicinal purposes." Clearly this provision exempts a druggist, complying with its terms, from the duty of obtaining a retail license, the only kind for which that act provides, but is silent as to his duty to take out a wholesale license before engaging in that branch of the traffic. The Brooks Law was followed by the Act of May 24, 1887, "Providing for the licensing of wholesale dealers in intoxicating liquors," which includes the licensing of all wholesale dealers and especially mentions "compounders" and "storekeepers." This act was superseded by that of June 9, 1891, P. L. 257, as amended by the Act of July 30, 1897, P. L. 464. Both the Act of 1891 and that of 1897 require a license by all wholesale dealers and especially include "compounders" and "storekeepers," while neither of the three wholesale acts just mentioned make any exemption in favor of druggists; hence, we conclude that, when selling intoxicating liquors at wholesale, they are wholesale dealers and governed by the statutes relating thereto. Plaintiff was a wholesale dealer, a compounder and storekeeper and thus within the terms of the wholesale acts. Even if the language of the above-quoted sixteenth section of the Brooks Law, standing alone, was so broad as to permit an unlicensed druggist to sell intoxicating liquors at wholesale for nonbeverage purposes, which we do not concede, it would be of no avail, in view of the more recent above-cited statutes, embracing the entire wholesale traffic. The same might be said as to the Act of March 31, 1856, P. L. 200, regulating the sale of intoxicating liquors, section 5 of which says, "That the provisions of this act shall not extend to druggists and apothecaries who shall sell unmixed alcohol, or compound or sell any admixture of wine, alcohol, spirituous or brewed liquors in the preparation of medicines, or upon the written prescription of a regular practicing physician; Provided, That

no druggist or apothecary shall sell or keep for sale under any name or pretence any preparation or admixture, as aforesaid, that may be used as a beverage; and any violation of this section shall be punished in the manner prescribed in the twenty-eighth section of this act." Because the Act of 1856 expressly excludes druggists, except as therein stated, it does not follow that they are immune from the recent wholesale acts which grant no such exemption. Again, as horke vino not only may be but is used as a beverage, the section last quoted does not assist plaintiff, if still operative. But the comprehensive scope of the Acts of 1887, 1891 and 1897, to which we have referred, seems to have superseded prior general laws upon the subjects embraced therein. In the language of Mr. Justice WILLIAMS, speaking for the court, in Com. v. Brewing Co., 146 Pa. 642, 648: "The former systems under which licenses were granted by the county treasurer or commissioners, or a board of licensers, have been superseded; and the system known as that of 'high license,' provided by the Acts of 1887 and 1891, is the only one now [1892] in force in this State. Under this system, all branches of the manufacture of and all sorts of traffic in intoxicating liquors are brought under the control of police legislation. The whole business is forbidden to the public under severe penalties. It can be conducted only under the authority of a license granted by the quarter sessions, and revocable at any time by the same court for any violation of the requirements of the liquor laws."

It follows that the sale in question, without a state license, was in violation of law, and, hence, there can be no recovery in this case; for the law will not lend its aid to enforce an illegal contract, especially one made in violation of a penal statute: Coppell v. Hall, 7 Wallace 558; Mitchell v. Smith, 1 Binney 110; Seidenbender v. Charles, 4 S. & R. 151; and see Johnson v. Hulings, 103 Pa. 498; Holt v. Green, 73 Pa. 198; Pile v. Thompson, 62 Pa. Superior Ct. 400. Furthermore, a contract

made in violation of a statute cannot be enforced, regardless of whether a penalty is or is not provided for its violation: Columbia Bank and Bridge Co. v. Haldeman, 7 W. & S. 233; Fowler v. Scully, 72 Pa. 456; Vandegrift v. Vandegrift, 226 Pa. 254; Moyer et al. v. Kennedy, 76 Pa. Superior Ct. 523; Weed v. Cuming, 12 Pa. Superior Ct. 412. Therefore, the fact that the wholesale license statutes above mentioned provide no penalty for sales without license is unimportant; this is especially true since a penalty was already provided therefor in the Brooks Law. While the decision is not based thereon, attention is called to the Act of May 8, 1854, P. L. 663, entitled, "An act to protect certain domestic and private rights and to prevent abuse in the sale and use of intoxicating drinks," section 7 of which provides: "That no action shall be maintained or recovery had in any case for the value of liquors sold in violation of this or any other act, and defense may be taken in any case against such recovery without special plea or notice." This act is recognized in Bradford v. Boley, 167 Pa. 506, also in Bier v. Myers, 61 Pa. Superior Ct. 158, but the above-quoted section thereof is merely declaratory of the common law. The rule preventing recovery on an illegal contract is founded on public policy and not through any regard for him who sets up such defense, after joining in the illegal transaction. As stated by Mr. Justice DEAN in Swing v. Munson, 191 Pa. 582, 588, "In enforcing a policy in the interests of the whole public, the law takes but little notice of the conduct of the immediate parties to the contract; the rule is, that courts, having in view public interests, will not lend their aid to the enforcement of an unlawful contract." In Rahter v. First National Bank of Lancaster, 92 Pa. 393, the recovery of the price of a quantity of whiskey was sustained on the finding that the vendor was not a dealer within the meaning of the law and that the sale by him was not unlawful.

We do not agree with appellant that the illegality of the contract is not sufficiently stated in the affidavit of defense. It avers, inter alia, that the sale of liquor in question was illegal and in violation of federal and state laws and that therefore collection cannot be enforced. This in general terms sets up the defense we are considering; as plaintiff made no objection to its sufficiency before trial, the court properly admitted evidence in support of the alleged illegality of the contract. Moreover, no error is assigned to the ruling of the trial judge thereon, the only one assigned being to the entry of final judgment for defendants.

The assignment of error is overruled and the judgment is affirmed.