# Weed *v.* Cumming.

*Insurance—Lloyds—Partnership—Void Policy—Act of February* 4, 1870,
*P. L.* 14.

A policy of insurance executed by a partnership without authority expressly conferred by a charter of incorporation as required by Act of February 4, 1870, P. L. 14, is unlawful and void in its inception, and no recovery can be had upon it, although all premiums have been paid to, and accepted by the insurers, and the insured has sustained a loss by fire within the provisions of the policy. In such a case there is no ground of equitable estoppel because of receipt of premiums by the insurer.

Argued, Jan. 9, 1901. Appeal, No. 159, Jan. T., 1900, by plaintiffs, from judgment of Superior Court, Oct. T., 1899, No. 131, reversing judgment of C. P. No. 4, Phila. County, March T., 1897, No. 564, on case stated, in suit of Waring S. Weed, Charles A. Weed and Sophronius A. Mundy, trading as W. S. Weed & Company v. J. K. Cumming. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from Superior Court.

From the record it appeared that the suit was brought on a policy of fire insurance for $2,500 issued by the defendants and a number of individuals and firms associated without incorporation, as the Philadelphia Fire Lloyds, each firm or individual acting as a separate underwriter for its or his proportion of said insurance, and not one for the other. The separate amount insured by the defendant was $119.04. It was conceded that all of the premiums had been paid, and that the plaintiff had sustained a loss by fire within the terms of the policy. The court of common pleas entered judgment for plaintiffs on a case stated. On appeal the Superior Court reversed the judgment. See 12 Pa. Superior Ct. 412.

*Error assigned* was the judgment of the Superior Court.

*Rufus Barrett Stone*, with him *Theodore A. Tack*, for appellants.—The effect to be given contracts in violation of express statutory provision depends upon the intention of the legisla-

ture, to be found by the application of the ordinary rules of statutory construction.

Where the contract has been fully executed by the plaintiff it may be enforced: Oil Creek & Allegheny River R. R. Co. v. Pennsylvania Transportation Co., 83 Pa. 160; Wright v. Oil City Pipe Line Co., 101 Pa. 204.

If the statute itself is valid and has been violated, the plaintiffs are not in pari delicto, and therefore they may recover: Hollingsworth on Contracts, 268; Com. v. Kendig, 2 Pa. 448; Powhatan Steamboat Co. v. Appomattox R. R. Co., 24 How. 247; Burkholder v. Beetem, 65 Pa. 506.

Where entering judgment will in no manner tend to aid the illegal design, the contract may be enforced: Hollingsworth on Contracts, 226; Collins v. Blantern, 1 Smith's Leading Cases, 754.

Where the plaintiff can establish his case without showing that he has broken the law, he may recover: Evans v. Dravo, 24 Pa. 62; Montefiori v. Montefiori, 1 Wm. Blackstone, 364; Stewart v. Kearney, 6 Watts, 453; 2 Langdell's Cases on Contracts, 1013, sec. 49.

*George S. Graham*, with him *Joseph Gilfillan*, for appellee.— If the act or contract is illegal and void, it cannot be enforced, not because the law is solicitious for the welfare of the defendant, but because public policy demands it: Holman v. Johnson, 1 Cowper, 341; Mitchell v. Smith, 1 Binney, 110; Badgley v. Beale, 3 Watts, 263; Bartlett v. Vinor, Carthews Rep. 252; Seidenbender v. Charles, 4 S. & R. 151; Fowler v. Scully, 72 Pa. 456; Burges & Stock's Case, 2 Johnson & Henning, 441.

When the contract is one that violates the positive law of the land, then the violation is a defense to the enforcement of the contract: Columbia Bank & Bridge Co. v. Haldeman, 7 W. & S. 233; Whitmire v. Montgomery, 165 Pa. 253.

OPINION BY MR. JUSTICE FELL, February 25, 1901:

The facts of this case appear in its report in 12 Pa. Superior Ct. 412. The act of February 4, 1870, makes it unlawful for any person, partnership or association to issue a policy of fire insurance without authority expressly conferred by a char-

ter of incorporation, and declares that "every such policy, contract and guaranty hereafter made, executed or issued shall be void." These words, in a statute forbidding an act on the ground of public policy, should be given their literal meaning. The intention of the legislature is too clear to admit of doubt, and there is no room for construction. Both parties are bound by the legislative prohibition. Presumably they both knew the law and entered into the contract knowing they were doing a prohibited thing. The contract being unlawful and void in its inception, there is no ground of equitable estoppel because of the receipt of premiums by the insurer. The plaintiffs could not rightfully disregard the prohibition when the contract was made, and they cannot now ask to have it set aside in their favor.

The judgment is affirmed.