## Addis *versus* City of Pittsburgh.

1. Where the law requires that contracts for certain municipal work shall only be made after due advertisement and to the lowest bidder, neither the municipality nor its officers can make a binding contract unless in this prescribed manner.

2. After due advertisement a contract to grade a certain avenue was let by the city of Pittsburgh to A., who was the lowest bidder. After proceeding somewhat with the work the councils of the city directed a change of the grade in the avenue and the engineer and road committee of the city authorized A. to proceed with the work, and assured him he should be paid for his additional labor what it was reasonably worth. In a suit on a *quantum meruit* for this additional work, *Held,* that neither the city nor its subordinate officers could make a contract other than in the manner prescribed by law; that the city engineer and road committee had no power to make this agreement for the additional work, and that A. could not recover therefor.

October 31st 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county* : Of October and November Term, 1876, No. 196.

Assumpsit by Matterly Addis against the city of Pittsburgh, to recover $5000, for extra work and materials furnished as a contractor in grading Wilkins avenue, in said city.

The councils of Pittsburgh on the 25th of July 1870 passed an ordinance authorizing the grading of said avenue, and directing the city engineer to advertise and let the same in conformity with law. The engineer let the contract to Addis, who gave bonds for the completion of the work and entered upon the performance of the same under the direction and control of the city engineer. Before the grading was completed, on the 12th of February 1872, councils passed an ordinance changing the grade of said avenue. In compliance with this ordinance the city engineer directed the contractor to proceed and lower the grade, and when upon demand he was refused payment for the extra work, he brought this action and sought to recover on a *quantum meruit.*

At the trial before Ewing, P. J., the plaintiff made several offers, which were to prove, in substance, that when the grade was changed by the ordinance of the 12th of February 1872, that the city engineer came to plaintiff and instructed him to go on with the work and lower the grade according to said ordinance, and that the city would pay him what was right and fair ; that witness objected to doing the extra work at the price fixed in the original contract, and the city engineer and the road committee instructed him to go on ; that he completed the work under the direction of the city engineer ; that the estimates were made by him and approved by the road committee, and that the city accepted the work. He also proposed to show the character of the work, and what it was worth.

The defendant objected to these offers, on the ground that neither

[Addis *v.* City of Pittsburgh.]

the city engineer nor the road committee had authority to make any such contract as here set forth, on behalf of the city.

The court sustained the objections, and directed a verdict for the defendant. This direction and the rejection of the foregoing offers were the errors assigned by plaintiff, who took this writ.

*Friend & Cook*, for plaintiff in error.—A corporation is bound, when it is shown that by its own act it rendered extra labor and extra material necessary to conform certain work to the requirements of its original contract. The city engineer estimated the work done, and ascertained the number of cubic yards excavated under this second ordinance, down to the completion of the grading. Has not the city assented to this additional work? Or is not this precisely a case as in Messenger *v.* City of Buffalo, 24 New York 197: "Where labor was required to be performed by the contractor in the fulfilment of his contract, because of an act of the corporation itself, and which the contractor could not control?"

*Thomas S. Bigelow*, City Solicitor, for the city.—No authority, either general or special, was shown, whereby the city engineer or road committee could allow extra compensation for the work done, and no such authority existed.

Mr. Justice SHARSWOOD delivered the opinion of the court, November 12th 1877.

We think that the learned judge below was right in his ruling upon the offers of evidence by the plaintiff, and in his charge to the jury.

Under the Acts of Assembly and the ordinances of the city councils given in evidence, contracts for the grading and paving of streets, are to be let after due advertisement to the lowest and best bidder. It is perfectly true that after the contract had been given to the plaintiff, the city had no right to alter it and impose different terms on the contractor as they did by the ordinance changing the grade of Wilkins avenue. The plaintiff would clearly have had the right to rescind the contract, recover for the work he had done, and it may be damages for the breach. The proper course for the city, undoubtedly was to advertise and relet the work. But the plaintiff preferred to go on with the work under his contract. He relied, it was offered to prove, on the assurance of the city engineer and the street committee that he should be compensated for the extra work. But the city itself, much less any of its subordinate officers, or committee, had no power to make an agreement to pay for such work on the rule of a *quantum meruit*. We may regret that the plaintiff acted unadvisedly, but to assist him in this hard case would lay the axe at the root of the system which imperatively requires all municipal work of this character to be done by the lowest and best bidder.                    Judgment affirmed.