# Waltman, Appellant, *v.* Albany Township School District.

*School law—Teachers—Appointment—Minutes—Directors.*

Under the Act of May 18, 1911, P. L. 309, the appointment of a teacher in the common schools is not valid, unless there has been an affirmative vote of a majority of the members of the board of school directors duly recorded, showing how each member voted.

Argued Nov. 18, 1915. Appeal, No. 325, Oct. T., 1915, by plaintiff, from judgment of C. P. Bradford Co., Dec. T., 1914, No. 4, for defendant n. o. v. in case of Jean Waltman v. Albany Township School District. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Appeal from judgment of justice of the peace.

At the trial the jury returned a verdict for plaintiff. Subsequently the court entered judgment for defendant n. o. v.

MAXWELL, P. J., filed the following opinion:

This case came into court by an appeal from the decision of the justice of the peace.

The claim of the plaintiff, as appears from the transcript, is as follows: "Plaintiff claims for salary for five months' teaching school in the Township of Albany, Bradford County, Pa., at $50 per month, and the interest on the claim from the time the same was payable." In support of this claim, the plaintiff was called as a witness, and the following offer was made by her attorney: Plaintiff offers to show by witness, that she taught school in the Township of Albany for the months of September, October, November and December, 1913, and January, February and March, 1914, for a salary of fifty dollars per month under a contract delivered to her by the secretary of the school board, bearing signatures of the president and secretary, and signed by herself. There is no statement of the plaintiff's claim filed in this case, other than what appears from the transcript above quoted.

This case came on for trial before the court and jury on May 18, 1915.

Counsel for plaintiff made the following offer:

Mr. Dunham, counsel for plaintiff: I offer in evidence plaintiff's exhibit 1, "Contract given to the plaintiff by the defendant in this case, signed by E. E. Jones, president of the board of directors, countersigned, William Smeck, secretary of the board, and Jean Waltman, dated August 5, 1915; for the purpose of showing a contract between the plaintiff and defendant. And we offer to follow it by proof that Miss Waltman taught the school for the time required in the contract."

"The offer is objected to unless it is proposed to show that the plaintiff was appointed or elected a teacher in the way the statute requires; secondly, that the con-

tract is of no force or effect or validity, unless it is preceded by action of the school board, the directors of the district, in the manner that the law requires."

The Court: "The objection overruled and the offer admitted. An exception noted for defendant and a bill sealed."

Then follows the contract above referred to.

Miss Waltman, the plaintiff testified, inter alia, in substance, as follows:

Q.—Are you a graduate of the State Normal School at Mansfield? A.—Yes, sir.

Q.—And have a diploma? A.—Yes, sir.

Q.—Did you sign this contract I have presented here? A.—Yes, sir.

Q.—In pursuance of that contract please state, Miss Waltman, what you did as to teaching the Moon street school? A.—I taught the seven months ending some time in April—seven months of school.

Q.—For that seven months what did you receive? A.—I received fifty dollars for the first two months—nothing since.

Q.—For the other five months you have not been paid? A.—No, sir.

When the plaintiff rested, the defendant moved for a compulsory nonsuit, on the ground "that the plaintiff has not shown that she was appointed or elected a teacher in the way that the statute requires.

The motion for a nonsuit was overruled. The defendant rested, without offering any testimony.

In submitting this case to the jury, we said in part as follows: The court is a little uncertain this morning as to this matter. While I have my convictions as to what possibly ought to be done, we are going to reserve the question of law, whether there is any evidence in this case upon which the plaintiff is entitled to recover—we propose to reserve that to be determined by the court later—and we are going to submit to you the fact that she, under this testimony, taught this school for five

months for which she has received no compensation, and we are controlled in doing that by the language of the Supreme Court—we say we are controlled in this by the language of Justice GORDON of the Supreme Court, in. the case of School District of Dennison Township v. Padden. If it were not for that, we would dismiss this case at once. In view of what was said there by the court, we feel constrained to submit this question to you to determine."

The jury found in favor of the plaintiff, $267.50.

On May 21, 1915, counsel for the defendant filed the following motion: "And now, to wit: May 21, 1915, the defendant requests the court to have all the evidence in the case, and charge of court, certified and filed, so that it becomes part of the record, and moves for a judgment non obstante veredicto upon the record, under the provision of the Act of Assembly, etc."

On the same day, the court granted a rule to show cause as above prayed for.

Section 403 of the Act of May 18, 1911, P. L. 330, (Supplement to Purdon's Digest, page 82), reads as follows: "The affirmative vote of a majority of the members of the board of school directors in every district of this Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects: Fixing length of school term, adopting text-books, appointing or dismissing district superintendents, assistant superintendents, associate superintendents, principals and teachers." (Here follows other subjects not necessary to quote.)

Under this statute above quoted, it is contended by the defendant school district that this statute not having been complied with by the plaintiff when she was hired to teach school, therefore she cannot recover in this action, for the balance of her services for teaching the Moon street school.

The plaintiff contends that whether the statute was complied with or not, is immaterial, the plaintiff, having

taught the school for seven months with the full knowledge and acquiescence of the school directors, that the school district is thereby estopped, or in other words, cannot set up the invalidity of the contract, in order to defeat the right of the plaintiff to recover for the balance of her services as teacher.

In determining this question we think the decisions of the court, in construing the Act of April 11, 1862, should control the question now raised in the case at bar.

The Act of April 11, 1862, provides, inter alia, "That no teacher shall be appointed or dismissed, except by the affirmative votes of a majority of the whole board by the school directors of the district, and that the names of the members voting both in the affirmative and in the negative shall be so entered on the minutes of the board, by the secretary thereof."

It was held in Dyberry v. Mercer, 115 P. S. R. 559, that this latter act above quoted, must be complied with. The second syllabus of this case reads as follows : "In an action by a school teacher, against a school district, to receive damages for refusing to permit her to teach, during the term for which she alleged she was employed, but which employment was denied, held, that in the absence of the evidence of her appointment, required by the Act of April 11, 1862, she could not recover." Among other things, it was said by Mr. Justice STERRETT, in delivering the opinion of the court after quoting the Act of 1862, as follows : "In the case last cited, we held, for reasons stated in the opinion of our Brother GORDON, that, in the selection of school teachers the provisions of this act must be strictly complied with ; and we are not disposed to recede from that position. They are wise and wholesome provisions intended to correct gross abuse which had gradually crept into the administration of our school system, and hence, it is not requiring too much, to insist on a substantial compliance with the spirit, if not the very letter of the act."

"A school teacher cannot recover for a balance of sal-

ary alleged to be due on a written contract signed by herself and the president of the school board, and countersigned by the secretary of the board, where the minutes of the board of school directors which elected her, merely disclosed that a quorum of the board were present, and that she was elected but did not state the names of the members of the board voting in the affirmative or negative, nor that the election was unanimous, nor that all members present voted in the affirmative."

"Under the Act of April 11, 1862, P. L. 471, relating to the appointment of teachers, the minutes of the school board must upon their face show in express words, or by necessary implication the names of the directors who voted in favor of the appointment, and that they constituted a majority of the whole board; otherwise the appointment is not binding upon the school district": McCandless v. Summit Twp. School District, 55 Pa. Superior Ct. 277.

In the course of the opinion of the Superior Court, in the above case, (bottom of page 280) this language is used: "This requirement of the statute may sometimes cause the negligence or incapacity of the officers of the school district to result in hardship for a teacher who has acted upon an appointment in good faith, believing it to be valid, but the law regulating public employment and the expenditure of public money cannot be ignored."

Counsel for the plaintiff contends, that under some circumstances, a recovery may be had upon an implied contract for work and labor done, and seems to rest the case at bar, upon the assumption that because the plaintiff taught school in the defendant district with the knowledge of the school directors, for the full term of seven months that she is entitled to recover against the school district the value of her services, regardless of whether she was employed or not, as required and provided by the Act of 1911.

We have given this branch of the case careful consideration, and we cannot agree with counsel for the

plaintiff, upon that proposition. If teachers can be hired to teach schools in that way, without being employed as provided by the Act of 1911, and the school money used under such circumstances, then our carefully prepared legislation, with a view of safeguarding our school taxes, and rendering our common school system efficient, would be virtually repealed, and the requirements of the statute set aside.

It was said by WOODWARD, J., in the opinion of the court (page 321) in the case of Cascade School District v. Lewis School District, 43 Pa. 318, "Regular official action, evidenced by official minutes, is what the statute requires to ground such an action as the present, and because it is a statutory requisition, all equities and implied liabilities are excluded."

On the trial of the above case, Lewis Township School District, presented the following points:

"1. That there can be no implied contract on the part of the school district of Lewis Township to pay for the instruction of her children in Cascade Township."

"5. That if the jury believe from the evidence that there was no action of the board of school directors of Lewis Township, authorizing the agreement offered in evidence in this case, the plaintiff cannot recover."

The court below affirmed both points, but in affirming the fifth point added this: "Unless the jury believe the directors of Lewis Township had a knowledge that the children for which tuition compensation is claimed were going to school under an arrangement with the president of Cascade district and failed to disown the act."

The case on appeal was reversed, and this is what the Supreme Court says (page 321) in relation to the action of the court below, in reference to these two requests for instructions:

"It is apparent that whilst the learned judge admitted that a promise to pay for the schooling was not to be implied from circumstances, he still permitted the jury to imply it. His answer to the first and fifth points, on

the part of the defendant, appear to us inconsistent with each other. What but implying a cause of action, was it to refer all the circumstances to the jury, and inviting them to deduce an equity which would hold the defendant? All implied assumpsits rest on equities. This cause was put on that ground. In this there was error. The whole system of common schools is special statutory."

All the authorities are to the effect that the provisions of this statute in relation to the hiring of teachers are mandatory upon the school board: Commonwealth, ex rel., Levi B. Heisey v. I. N. Risser, et al., 3 Pa. Superior Ct. 196; Whitehead v. North H. School District, 145 Pa. 418; Strathern, et al., v. Gilmore, et al., 184 Pa. 265.

There is no need of citing any other or additional authorities upon this position, as we read them, all the authorities are to this effect. In submitting this case to the jury, without an opportunity to examine the cases, we were influenced largely by the language of Mr. Justice Gordon, in the case of School District of Dennison Twp. v. Padden, 89 Pa. 395, in which he used the following language: "For the two months which Miss Padden taught, she was entitled to pay, not because of the contract made with the president, but because the school district had, without objection, received her service; for these two months' service she received full compensation; this was all she had a right to demand, and, so, it follows, that the present action was not well brought."

As we view this language of Justice Gordon in the above case, it was a mere dictum, simply an expression of what actually appeared in the case, to wit: That the plaintiff had been paid for the time that she actually taught school, regardless of any contract having been entered into, as required by the statute. It had no reference to the point in controversy, or to the point decided, for the reason that we regard this very case as one of the strong cases in favor of upholding the doctrine

that before a teacher can recover for his or her services, for teaching school, a contract must have been entered into in exact conformity with the requirements of the statute.

In the course of the opinion, Mr. Justice GORDON uses the following language: "It is very certain that O'Dea, the president of the board of directors, had no power, merely by virtue of his office, to employ teachers." By the Act of April 11, 1862, teachers can only be selected by the school board, and so specific is this act, upon this subject, that it requires the names of the members voting, both in the affirmative and negative, to be recorded upon the minutes. This is the only manner in which teachers can be selected, and, from the very nature of things, this power cannot be delegated. Before effect could be given to the contract exhibited by the plaintiff, it was necessary to show not only that O'Dea was regularly constituted agent of the board, but that Miss Padden had been selected as a teacher by the previous action of the directors.

"This statute is a valuable one, intended to compel the expression of each individual member of the school board on a subject all-important in the public education, and this for the very purpose of preventing jobbery, and the exercise of a one-man power, in the conduct of our schools; we are, therefore, not inclined to permit the abrogation of its force and efficiency by a weak construction designed to meet a particular case."

The authorities cited by counsel for the plaintiff, in his contention—that the plaintiff has a right to recover in this case upon a quantum meruit, in our judgment, are not applicable or authority for the position contended for by the plaintiff in this case.

We think that these authorities and decisions of the court, which were decided in construing the Act of April 11, 1862, P. L. 471, are applicable to, and decisive of the question involved in the case at bar, for the reason, that in our judgment, the Act of May 18, 1911, Section 403,

P. L. 309, is substantially the same as the fourth section of the Act of 1862.

The legislature was entirely familiar with the Act. of 1862 and its requirements in this respect. It was also familiar with the decisions of the court construing said acts, and if there was any desire of the legislature to relax the rule in relation to employment of teachers by school boards, under the Act of 1862, as construed by the courts, it could have done so when it passed the Act of 1911. Therefore it is fair to presume that the legislature intended to adhere to the letter and spirit of the former statute upon the subject.

The plaintiff's case at bar, consisted (a) of a contract signed by E. E. Jones, as president of the said township school board, and countersigned by William Smeck, as secretary of said school district. (b) The evidence of the plaintiff to the effect that she had taught school seven months, and received $50 a month for the first two months, and was not paid for the last five months of her services as teacher. The admissibility of the contract in evidence, without proving, or offering to prove, that the plaintiff was hired to teach the said school by the affirmative vote of a majority of the members of the board of school directors in said district, as required by Section 403 of the Act of May 18, 1911, P. L. 309, was clearly error.

We also are convinced, that as the record stands, under the proof offered by the plaintiff, the application of the defendant for a nonsuit, should have been granted.

We think, after careful consideration of the authorities, that the defendant school district is entitled to judgment, upon the question reserved, "whether there is any evidence in this case, upon which the plaintiff is entitled to recover," and also upon the rule granted to show cause why judgment shall not be entered in favor of the defendant school district, non obstante veredicto, upon the whole record.

We appreciate the hardship and disappointment that

468 WALTMAN, Appellant, *v.* ALBANY TWP. SCH. DIST.

Opinion of Court below—Opinion of the Court. [64 Pa. Superior Ct.

the plaintiff may experience by reason of this decision. She taught the full term of seven months, and was paid for the first two months, and this suit is brought to recover the balance due her for the remaining five months, but we cannot allow or permit, the hardships of an individual case to override and overcome the plain requirements of the act of assembly. I quote again from the language of Justice GORDON, in the case of School District of Dennison Township v. Padden: "This statute is a valuable one, intended to compel the expression of each individual member of the school board on a subject all-important in the public education, and this for the very purpose of preventing jobbery, and the exercise of a one-man power, in the conduct of our common schools; we are, therefore, not inclined to permit the abrogation of its force and efficiency by a weak construction designed to meet a particular case."

Therefore we think the reserved question should be determined in favor of the defendant school district, as there is not sufficient evidence in this case to warrant or sustain the verdict in favor of the plaintiff.

And now, to wit: October 15, 1915, the rule granted to show cause why judgment should not be entered in favor of the defendant, non obstante veredicto, upon the whole record, is made absolute, and judgment is directed to be entered by the prothonotary, in favor of the defendant school district, and against the plaintiff, non obstante veredicto, for costs, upon payment of the jury fee required by law.

*Error assigned* was the judgment of the court.

*E. M. Dunham,* for appellant.

*Fanning & Kaufman* and *I. McPherson,* for appellee.

OPINION BY PORTER, J., October 9, 1916:

The opinion of Judge MAXWELL, of the court below,

in disposing of the rule for judgment non obstante vere-
dicto, included in the report of this case, fully vindicates
the conclusion at which he arrived.   The 403d section of
the Act of May 18, 1911, P. L. 330, reenacts every provi-
sion of the Act of April 11, 1862, P. L. 471, material to dis-
position of this case, and the decisions construing and
giving effect to the act last mentioned must be held to
control in cases arising under the 'statute now in force.
Regular official action, evidenced by official minutes, is
what the statute requires to ground such an action as
the present, and because it is a statutory requisition, all
equities and implied liabilities are excluded:  Cascade
School District v. Lewis School District, 43 Pa. 318;
Addis v. City of Pittsburgh, 85 Pa. 379; Ayers v. New-
castle City, 10 Pa. Superior Ct. 559.  We may regret that
the plaintiff acted unadvisedly, but to assist her in this
hard case would lay the axe to the root of a system which
imperatively requires that, in order to take action on
the appointment of a teacher there shall be an affirmative
vote of a majority of the members of the board of school
directors, duly recorded, showing how each member
voted.  The specification of error is dismissed.

The judgment is affirmed.