Foresman et al. *v*. Gregg Township et al.,
Appellants.

Argued May 13, 1929.　Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Curtis C. Lesher* and *Francis Chapman,* with them *Rodgers K. Foster,* for appellants.—The procedure followed in this case was the proper one.

Acts which, although in pari materia, grant a right conditioned on different things, are inconsistent; and the inconsistency operates as a repeal: Gwinner v. R. R., 55 Pa. 126, 127; Bennett v. Norton, 171 Pa. 221; Buttorff v. York City, 268 Pa. 143; Huntingdon Boro. v. Dorris, 78 Pa. Superior Ct. 469; Manchester Twp. Tax Collector, 2 Pa. D. & C. 129; Nusser v. Com., 25 Pa. 126; Newbold v. Pennock, 154 Pa. 591; Lawrence Co. v. Horner, 281 Pa. 336.

To warrant a court in interfering, there must be conclusive evidence of such a palpable abuse of discretion as amounts to a legal fraud: Jefferson Co. v. Rose Twp., 283 Pa. 126.

Road commissioners have discretionary power to contract for the purchase of road machines, and, while such action must be a deliberate act, had at a meeting prop-

erly convened of which all the officers had notice, it cannot be held that the lack of minutes of such meeting is fatal to the validity of a contract authorized thereat: Climax Road Machine Co. v. Allegheny Twp., 10 Pa. Superior Ct. 437; S. & C. Traction Co. v. Canal Co., 1 Pa. Superior Ct. 409; Jacoby v. Lehigh Co., 36 Pa. Superior Ct. 194; Jefferson Co. v. Rose Twp., 283 Pa. 126; Loeffler's Est., 277 Pa. 317.

*Andrew A. Leiser*, with him *Andrew A. Leiser, Jr.*, for appellees.—The contract with Loder & Sharp, Inc., violated the statutes.

The law will not enforce a void contract: Fowler v. Scully, 72 Pa. 456; Hazle Drug Co. v. Wilner, 284 Pa. 361; Moyer v. Kennedy, 76 Pa. Superior Ct. 523; Rosenthal v. Ostrow, 287 Pa. 87.

Void contracts cannot be ratified or confirmed: Garland v. Riebe, 78 Pa. Superior Ct. 567.

No waiver or estoppel can be pleaded here: Fowler v. Scully, 72 Pa. 456.

OPINION BY MR. JUSTICE WALLING, July 1, 1929:

Gregg Township, Union County, is a township of the second class, of which David W. Jamison, George W. Robinson and Chester C. Fisher were the supervisors in 1926 and William C. Foresman et al., the plaintiffs, were resident taxpayers therein. On May 12th, 1926, the supervisors entered into a written contract with Loder & Sharp, Inc., of Philadelphia, for the purchase of a Monarch five-ton caterpillar tractor at the price of $4,500, for use upon the township's highways, and in payment therefor gave a township note payable in one year. Five days later the contract was approved by Loder & Sharp, Inc. Thereafter, on May 26th, it was stamped approved by the proper state highway officials. On July 6, 1926, at a regular meeting, the supervisors adopted a resolution cancelling the order for the tractor because not delivered within the time specified. Later,

on August 4th of the same year, all the supervisors at a special meeting agreed to and did issue three notes, of $1,500 each, payable to Loder & Sharp, Inc., in one, two and three years. These replaced the $4,500 note and the minutes of the meeting state that "The notes were all signed according to contract agreed to on May twelve." About this time the tractor was delivered.

This bill in equity was filed by taxpayers of the township to restrain the payment of the three notes, averring, inter alia, that the contract for the purchase of the tractor was illegal and void. The case was heard on bill, answer, replication and testimony. Upon the facts found and legal conclusions stated by the chancellor, a final decree was entered in due course, declaring the contract null and void and perpetually restraining the defendants from payment of the notes in question, or any of them. Thereupon the defendants brought this appeal.

We may not be fully in accord with all the conclusions of the chancellor, yet in our opinion the decree was rightly entered. As stated in the case of Falkinburg v. Venango Twp., 297 Pa. 358, filed at this term, there is a presumption the supervisors have complied with the law, and of the validity of their official acts. That, however, is rebutted here by the undisputed evidence. Supervisors are public officers of limited authority and their right to contract is statutory. Hence, contracts entered into by them in violation of a statute are void: (Addis v. City of Pittsburgh, 85 Pa. 379; In re Appeal of Sykesville Borough, 91 Pa. Superior Ct. 335; Garland v. Riebe, 78 Pa. Superior Ct. 567; Moyer et al. v. Kennedy, 76 Pa. Superior Ct. 523; Weed v. Cuming, 12 Pa. Superior Ct. 412); and a contract in violation of the statute cannot be enforced although not expressly made void: Fowler v. Scully, 72 Pa. 456; Columbia Bank and Bridge Co. v. Haldeman, 7 W. & S. 233; Holt v. Green, 73 Pa. 198; Seidenbender v. Charles, 4 S. & R. 151; Mitchell v. Smith, 1 Binney 110. See also Hazle Drug

Co., Inc., v. Wilner et al., 284 Pa. 36; 13 C. J. 320; Dillon on Municipal Corporations (5th ed.), volume 2, page 1154, section 777. As applicable to the instant case, the Act of May 16, 1921, P. L. 564, amending the Act of July 14, 1917, P. L. 840, provides, inter alia: "All contracts for the purchase of power-rollers, traction-engines, stone-crushers, concrete-mixers or road machines for grading or scraping shall be made only after consultation with the assistant engineer of township highways of the State Highway Department, and no such contract shall be valid unless it shall be approved and signed by the township commissioner of the State Highway Department." While the Act of May 17, 1921, P. L. 857, further amends the same section of the Act of 1917 to read, inter alia, as follows: "All contracts for the construction, reconstruction and improvement of roads and for the purchase of materials used in such work, and for the purchase of equipment and machinery, shall be submitted to the township commissioner of the State Highway Department for approval or disapproval, before such contracts are actually entered into, and no such contract shall be valid unless it shall be approved and signed by the township commissioner." Furthermore, the Act of April 30, 1925, P. L. 402, makes the supervisors' failure to carry out the provisions of this section a misdemeanor. The manifest purpose of requiring consultation with the assistant engineer of township highways before making the contract is that in deciding whether or not to make it, as well as in making it, the supervisors may have the benefit of his expert knowledge and experience. This purpose is defeated if the supervisors may go on and make the contract without saying a word to the assistant engineer.

The contention that the provision above quoted from the Act of May 16, 1921, was impliedly repealed by the provision of the Act of May 17, 1921, above quoted, is untenable. Statutes referring to the same general subject and enacted at the same session are in pari materia

and must be construed together. While both acts amend the same section of the Act of 1917, they refer to different provisions and there is no conflict between them and no reason to construe the one as repealing the other. As stated by Mr. Justice FELL, speaking for the court, in Mansel et al. v. Nicely, 175 Pa. 367, 376: "For the purposes of construction, as these acts relate to kindred subjects and were passed within a week of each other, the entire scope of the legislation should be considered. The second act does not repeal any part of the first, but supplies something for which it had not provided. The first act took away the right of allowance for all individual expenses; the second conferred the right to traveling expenses. It supplied an omission in the first act. An implied repeal is a question of intention, and the presumption against the intention to repeal is strengthened by the fact that both acts were under consideration by the legislature at the same time." And see Buttorff et al. v. York City et al., 268 Pa. 143; Huntingdon Borough v. Dorris, 78 Pa. Superior Ct. 469.

The defendants offered to prove, in effect, that when the contract was executed, on May 12, 1926, it was with the express parol agreement that it should not become effective until approved by the proper authorities of the State Highway Department. The exclusion of this is assigned as error. The township minutes make no mention of such an agreement; but the parties are not concluded thereby. Undoubtedly the minutes kept by supervisors may be corrected to show what actually took place. See Loeffler's Estate, 277 Pa. 317; Potters Nat. Bank v. Ohio Twp., 260 Pa. 104; Rose v. Ind't. Chevra Kadisho, 215 Pa. 69; Hamill v. Supreme Council, 152 Pa. 537; and see Machine Co. v. Allegheny Township, 10 Pa. Superior Ct. 437; Traction Co. v. Canal Co., 1 Pa. Superior Ct. 409. For the purpose of this appeal, we must assume the facts to be as stated in the offer, and we will do so, waiving the question of the competency of parol evidence to change the written contract.

Yet in our opinion there was a failure to comply with the statute. What it requires is the consultation between the supervisors and the assistant engineer before the contract is made, not his approval afterwards. The approval which the statute requires is that of the township commissioner of the State Highway Department. The consultation with the assistant engineer is, as above stated, for the benefit of the township and must precede the making of the contract. Here the contract was made, executed and delivered and the obligation given therefor two weeks before the matter was brought to the attention of the assistant engineer. All he could then do was to approve or disapprove, which was not his duty. Moreover, there was no change made in the contract on or after May 26th; on the contrary, the minutes of the meeting of August 4th show, as above stated, that the three notes were given according to the contract of May 12th. Of course, the contract would not be effective until approved by the State Highway Department, both parties so understood; and that they so agreed did not change the situation. It is still apparent that the contract, good or bad, was made without consultation with the assistant engineer.

If, as above stated, the contract is void for failure to consult with the assistant engineer, it is not necessary to decide whether it is also void under the above quoted provision of the Act of May 17, 1921, because not submitted to the township commissioner before it was actually entered into.

We do not deem it necessary to pass upon the chancellor's finding that the contract was so improvident as to be invalid because an abuse of official discretion, or that the state highway officials had failed legally to perform their duties.

It may not be improper to emphasize the fact that he who deals with the officials of a quasi municipality is bound to take notice of its limited power to contract. See Trevorton W. S. Co. v. Zerbe Twp., 259 Pa. 31;

O'Malley v. Olyphant Borough, 198 Pa. 525; T. H. Co. v. Tuscarora Twp. (No. 1), 43 Pa. Superior Ct. 410; Mitchell v. Kearns (No. 2), 16 Pa. Superior Ct. 357.

The decree is affirmed and the appeal dismissed at the cost of appellants.