## Costolo, Appellant, *v.* School District of Springhill Township.

260

Argued April 21, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*John Duggan, Jr.,* for appellant, cited: Waltman v. Albany Twp. School District, 64 Pa. Superior Ct. 458; Messmore's Estate, 290 Pa. 107.

*Buell B. Whitehill,* of *Jones, Whitehill & Lane,* for appellee, cited: Jackson v. Conneautville Boro. School Dist., 280 Pa. 601; Altoona City v. Bowman, 171 Pa. 307.

Opinion by Gawthrop, J., July 10, 1930:

Plaintiff brought suit in assumpsit against the defendant school district for salary for a period of forty-six days alleged to be due him for services rendered as a teacher in one of the public schools of the district

under a written contract between him and the school district, under the terms of which he was employed to teach for the school year of eight months, beginning August 31, 1925, at a salary of $120 per month. At the trial he offered in evidence, without objection, the contract executed by himself and by the president and secretary of the school board in behalf of the school district, together with evidence that he had taught until January, 1926, when he was taken ill, and that he was not permitted to return as a teacher after he had recovered from his illness, although he was ready and willing to teach thereafter. He was paid for the actual time he taught under the alleged contract and this suit is for salary for the portion of the school term remaining after he was ready and willing to resume his duties. Defendant offered no evidence. The court directed a verdict for plaintiff for the full amount of his claim and refused defendant's point for binding instructions. Subsequently judgment was entered for defendant non obstante veredicto and this appeal by plaintiff followed.

The ground upon which the judgment was entered was that plaintiff failed to prove, or offer to prove, that he was hired to teach by the affirmative vote of a majority of the members of the board of school directors of the school district, as required by Section 403 of the Act of May 18, 1911, P. L. 309, which provides as follows: "The affirmative vote of a majority of all the members of the board of school directors of every school district in the Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action on ...... appointing ....,.. teachers ......fixing salaries or compensation of ...... teachers." The court below thought that Waltman v. Albany Twp. School District, 64 Pa. Superior Ct. 458, ruled this case. In that case the plaintiff taught school for seven months, was paid $50 a month for the first two months, was not paid for the

last five months and brought suit on her written contract with the school district, signed by the president and secretary of the board, and offered in evidence the contract, together with proof of the performance alleged, but without proving or offering to prove her employment by an affirmative vote of a majority of the members of the school directors of the district, as required by Section 403 of the Act of 1911, supra. In affirming judgment entered by the court below for defendant notwithstanding a verdict for plaintiff, this court said: "Regular official action, evidenced by official minutes, is what the suit requires to ground such an action as the present, and because it is a statutory requisition, all equities and implied liabilities are excluded: Cascade School District v. Lewis School District, 43 Pa. 318; Addis v. City of Pittsburgh, 85 Pa. 379, and Ayers v. New Castle City, 10 Pa. Superior Ct. 559."

Counsel for appellant admits that plaintiff could have been required to prove that his contract of employment was authorized in the manner provided by the statute, and that if objection had been made to the introduction of the contract in evidence without proving that it was authorized by the affirmative vote of a majority of the board, it would have been the duty of the court to sustain the objection. His sole contention is that because plaintiff was permitted to introduce the contract in evidence without objection and no question was raised concerning its authorization by the board, and defendant indicated by his cross-examination of plaintiff that the defense relied upon was that the latter had abrogated the contract, defendant is precluded from questioning the validity of the contract. It is sought to distinguish the case of Waltman v. Albany Twp. School District, supra, on the ground that in that case the offer of the contract was objected to, while in the present case there was no such objection. We are not impressed by this

argument. The burden was on plaintiff to establish his case by the requisite legal proof. The failure of defendant to object to the admission of the written agreement in evidence was no waiver of its right to challenge the sufficiency of plaintiff's evidence by a point for binding instructions, nor did the cross-examination of plaintiff which indicated defendant's purpose to show that plaintiff had abrogated the agreement deprive it of its right to interpose any defense it had. This is not a case in which appellant is attempting on appeal to shift its position from that taken in the court below. In our opinion the fact that the offer of the contract in evidence in the court below was not objected to by defendant is no ground upon which plaintiff may escape the effect of the principle followed in that decision. That case stands on the broad ground that the law regulating public employment and the expenditure of public money cannot be ignored (See McCandless v. Summit Twp. School District, 55 Pa. Superior Ct. 277), and is authority for the conclusion of the learned judge of the court below in this case that before effect could be given to the contract it was necessary that plaintiff establish that he was legally elected as a teacher in the manner prescribed in the act of assembly. In failing to do this and relying upon the written contract signed by the officers of the school board, his proof fell short. All of the authorities are to the effect that the provisions of the statute relating to the employment of teachers are mandatory upon the school board, and that before a teacher can recover for his or her services for teaching school there must be proof that a contract was entered into in conformity with the requirements of the statute. Before effect could be given to the contract offered in evidence by plaintiff, it was necessary to show that he had been selected by previous action of the directors. It follows that the court below was warranted in depriving plaintiff of his verdict by the

entry of judgment for defendant n. o. v., because the record before him seems to contain no suggestion by plaintiff or his counsel that the minutes of the school board did in fact show that a majority of the board voted to employ plaintiff as a teacher and authorize the execution of the contract by its officers. But at the oral argument at our bar, counsel for appellant asserted positively that the minutes of the board did show those facts and that he would be able to establish them, if he were given the opportunity at a re-trial. This assertion as to what the minutes show was not denied by counsel for appellee. If this teacher performed his services under a contract authorized in accordance with the requirement of the statute, it would be a hardship to deprive him of the compensation to which the jury found him entitled. We are of opinion that plaintiff should have an opportunity to prove that the minutes of the school board support the statement made to us by his counsel. If the minutes do not do this, plaintiff will have no justification for bringing the case to trial again. If they do, defendant will have no just reason for complaining of our permitting the truth to be shown in order that justice may prevail. It is manifest that our order is no indication that we disagree with the view of the court below as to the law controlling the case as presented to him.

The judgment is reversed and a new trial awarded.

KELLER, J., concurs in the judgment.