James *v.* Stonycreek Township, Appellant.

364

Argued November 26, 1935.   Before Frazer, C. J., Kephart, Schaffer, Maxey, Drew, Linn and Barnes, JJ.

*Percy Allen Rose,* for appellant.

*Frank P. Barnhart,* with him *A. Lloyd Adams,* for appellee.

Opinion by Mr. Justice Linn, January 6, 1936:

Appellant, a township of the first class, awarded to plaintiff a contract to make improvements in four designated streets. A taxpayer's bill was filed to enjoin on the ground that the debt proposed to be incurred exceeded the constitutional limit, without an election. An injunction was granted but in the decree it was provided: "It also appears from the advertisement and bids sub-

mitted in respect to the proposed work of improving the three roadways and the additional sewering were asked for and received in separate and distinct items, so that the Township may use its discretion as to whether or not it will build any or all of such improvements." In the final decree a similar provision was made.[1]

The contract which the parties originally proposed to carry into effect was amended by eliminating from the proposed improvements one of the four streets. After plaintiff had partly performed, he was notified to stop; payment for the work done was refused although he produced the township engineer's final estimate showing performance at the contract price in the sum of $5,-553.95. He then brought this suit for that sum with interest and for loss of profits he would have earned but for defendant's breach. The case was tried by the court without a jury pursuant to the Act of April 22, 1874, P. L. 109, 12 PS section 688. The learned trial judge found facts in accord with part of plaintiff's claim and entered judgment accordingly. Defendant has appealed.

The findings of fact of which defendant complains are supported by evidence and must be accepted here. Complaint is also made that parol evidence was received to supply an omission in the commissioners minute of the resolution providing for the reduction (as suggested by the chancellor who heard the equity suit) of the quantity of work originally contemplated. This evidence consisted not only of the recollection of witnesses but of the

---

[1] ". . . it appears from the testimony introduced, showing the present assets of the Township of Stonycreek and the liabilities, outside of the proposed contracts in question, that the township may incur obligations to an amount not in excess of twenty-eight thousand six hundred ($28,600) dollars, and may, if it so sees fit, enter into the obligations for the construction of a portion of the work which has been proposed to be performed and for which bids were asked and submitted, not to exceed this amount and not to be included, of course, in work for which bids have not been properly received. . . ."

contract itself, executed by the president and secretary of the Board of Commissioners, which recited what purported to be the resolution as adopted; the minute as recorded was obviously without meaning.[2] There was no error in permitting the correction: Potters' Nat. Bank v. Ohio Twp., 260 Pa. 104, 103 A. 605; Foresman v. Gregg Twp., 297 Pa. 369, 147 A. 64.

Judgment affirmed.

---

[2] The minute, as recorded in the minute book, directed that the township engineer was "to prepare a codicil and attach the same to the contract . . . reducing the amount of work as set forth therein" while the minute as recited in the contract directed the engineer "to prepare a Supplementary Agreement including the proposed paving of Bridge Street; and Russel Avenue and Hogback Road and attach the same to the contract . . . reducing the amount of work as set forth therein. . . ."